Feazle *v.* Simpson *et al.*

## JOHN M. FEAZLE, plaintiff in error *v.* BIRD M. SIMPSON and JESSE M. WADE, defendants in error.

*Error to Marion.*

The doctrine is well settled, that an action for malicious prosecution cannot be brought before the first suit has been legally determined; and it must be averred that the former suit terminated in the present plaintiff's favour. A legal conclusion of the suit must be shown. If the suit be proved not to have been determined in the manner alleged, it is a good ground of non-suit.

The issuing of the summons is the commencement of a suit.

THIS was an action on the *case* commenced January 16th, 1832, for the malicious prosecution of a suit, by attachment, against the defendants in error, by the plaintiff in error, as agent of one John H. Gay. The declaration originally contained but one count, which averred that the plaintiff in error, "as agent of John H. Gay," on the 16th day of January, 1832, complained maliciously, and without any probable cause for so doing, before the clerk of the Circuit Court of Marion county, that the defendants in error were indebted to said John H. Gay, in the sum of $600, and were about to depart from this State, with the intention of having their effects and personal estate removed without the limits of the same, and thereby obtained a writ of attachment against them, &c., and by virtue of which the sheriff of said county attached sundry articles of personal property of the defendants in error, &c. &c.; and that afterwards, to wit, at the following March term of said Court, said attachment was quashed, &c. The plaintiff in error demurred to the declaration, and the demurrer was overruled by the Court.

The defendants in error then amended their declaration by adding another count, like the first, except that the words "as agent of John H. Gay," were not inserted. To this second count, the plaintiff in error pleaded not guilty. The cause was tried at the September term, 1832, of the Marion Circuit Court, before the Hon. Thomas C. Browne and a jury, and judgment rendered against the plaintiff in error for fifty dollars and costs. From this judgment he prosecuted a writ of error to this Court.

On the trial in the Court below, the record of the suit of John H. Gay against the defendants in error, was admitted in evidence, though objected to by the plaintiff in error, who excepted to its admission.

WM. H. BROWN, for the plaintiff in error, contended, that

1st. The action does not lie against Feazle, if it lies at all. Feazle is said to be an agent.

An agent is not in general liable to third persons, for a neglect,

non-feasance, or mal-feasance, when acting with the express or implied authority of principal. 1 Chitty 71–2.

No one can be liable for a tort or trespass as an agent. He is personally responsible.

An action for malicious prosecution cannot be supported against an attorney. 1 Chitty 71–2.

2d. An action does not lie in this case, it being a suit commenced by attachment. The remedy is alone upon the bond. R. L. 1827, 70.(1)

To sustain this action, there must be *an arrest*. The *gist* of the action is the *unfounded arrest*. 2 Chitty 599, and authorities there cited; 3 Sel. 939.

*Suit* does not lie where bail is not demanded. 2 Stark 921.

An action will not lie if there was a *cause of action*, (exception as to holding to bail for a greater sum than due.) Bul. N. P. 11, 12; 2 Stark. 910, note.

No action can be supported for malicious *suit*. 2 Chitty 599; 1 John. Dig. 16.

If an action will lie in this case, it should have been alleged that defendant *knew* either that no debt was due, or that plaintiffs were not going to depart. 3 Esp. Rep. 34; Bul. N. P. 12.

3d. It is not alleged that there *was not a probable cause of action*. This averment is necessary. 2 Chitty 599.

It is not alleged that the first suit was ever determined. Only said that the *process* was quashed and dismissed. 2 Chitty 604, and notes.

4th. This action was brought before the first was determined. New action cannot be brought until the first is disposed of. Bul. N. P. 12; 1 Saund. 228, note B; 2 Chitty 604.

The writ was sued out against F. on the 16th January, 1832, and the attachment dismissed March term, 1832.

The Court erred in permitting a record of *Gay v.* S. and Wade, to be read.

WALTER B. SCATES, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

Simpson and Wade commenced an action against Feazle in the Circuit Court of Marion county, for maliciously, and without probable cause, making a complaint that they were indebted to John H. Gay, and suing out of said Court an attachment against their goods and chattels. The summons in this cause was issued on the 16th Jan., 1832. The declaration states that the attachment was issued on the 16th Jan., 1832, and that afterwards, at the March term, 1832, of said Circuit Court, the attachment was quashed and dismissed, being found "to be causeless, vexatious, and sued without any colour of law to warrant the same." On the

(1) R. L. 85; Gale's Stat. 65.

trial of the cause, the plaintiff below offered in evidence the record in the suit of John H. Gay against the defendants, to prove the making of the complaint, the issuing of the attachment, and the dismissal of the same; to the introduction of which record, the defendant below objected; but the Court overruled the objection, and suffered the record to be given in evidence to the jury. To the reception of which testimony, the defendant below excepted, and the cause is brought into this Court by agreement of the parties.

Although other questions were raised in the Court below, yet it is necessary *only* to decide whether the record given in evidence to the jury was admissible. On this point the doctrine is well settled, that an action for malicious prosecution cannot be brought before the first suit has been legally determined; and it must be averred, that the former suit terminated in the present plaintiff's favor, and a legal conclusion of the suit must be shown; and if the suit be not proved to have been determined in the manner alleged, it is a ground of nonsuit.(1) The issuing of a summons is the commencement of a suit; and, consequently, the record received in evidence, was inadmissible, as it would, if it were the record of the proceedings mentioned in the declaration, prove the termination of the former suit to have been long after the commencement of this suit. Such a fact could not contribute to support the action, and consequently the record ought to have been rejected. For this error the judgment must be reversed with costs.

*Judgment reversed.*

---

(1) See notes to 2 Chitty 603, and the authorities there cited.