No. 9885.

## COFFEY *v.* MYERS.

84 105
152 537
152 634

MALICIOUS PROSECUTION.—*Bastardy.*—A malicious and unfounded prosecution for bastardy, set on foot by procuring the necessary affidavit to be filed, gives a right of action to the party accused without probable cause, though the proceeding be ended by dismissal without any arrest having been made.

SAME.—The injury in such case is completed by filing the affidavit before a justice of the peace, and the issue of a warrant is not essential.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring,* for appellant.

*S. B. Voyles* and *H. Morris,* for appellee.

ELLIOTT, J.—It is alleged in the complaint of the appellant, who was the plaintiff below, that the appellee conspired with one Alice Bowers, who was then pregnant with a bastard child, to charge appellant with having begotten it; that the appellee did maliciously procure her to make a charge of bastardy, in that, by the procuration of appellant, she did make complaint under oath before a justice of the peace, charging appellant with having begotten the child; that the appellee knew that the charge contained in the affidavit of Alice Bowers was false; that there was no probable cause for making such charge; that the justice issued his warrant upon the complaint filed by Alice Bowers; that the appellant, fearing that he could not, if then arrested, establish his innocence, because of the conspiracy formed against him, left the State to escape arrest, and that Alice Bowers and the appellee afterwards became satisfied that they could not maintain the prosecution, which had been commenced and carried on in the style of The State of Indiana, ex rel. Alice Bowers, dismissed it.

The complaint is by no means skilfully drawn, but we think a fair construction of its language shows that it substantially states the facts we have given in the foregoing synopsis.

It is urged by the appellee that the court did right in sustaining his demurrer to the complaint, for the reason that it

does not show that any prosecution was ever commenced against the appellant. In support of this contention counsel refer to the cases holding that an action is not to be deemed to have been commenced until the impetration of the writ. It is no doubt true that in many cases, and for many purposes, the action is not deemed to be commenced until the summons reaches the hands of the officer. *Charlestown School Tp.* v. *Hay,* 74 Ind. 127 ; *Fordice* v. *Hardesty,* 36 Ind. 23 ; *Evans* v. *Galloway,* 20 Ind. 479 ; *Hancock* v. *Ritchie,* 11 Ind. 48. But the rule does not apply to such a case as the one before us. Here the wrong done is in maliciously causing a false charge to be filed in a court of justice, the tendency of which is to bring into disrepute the party against whom it is filed. It is not important whether there is or is not a technical commencement of the prosecution ; the wrong is in setting it on foot. If a defendant should maliciously and wrongfully file an affidavit before a justice of the peace charging a plaintiff with having committed a felony, it would certainly be no answer to a complaint seeking a recovery for such a tort to aver that although a warrant was issued it never came to the hands of the officer. The charge in such a case is publicly made ; for the proceedings of the court are open and public, and the injury is complete whether the warrant ever reaches the officer or not. The fact that it did reach the officer, and that an arrest was made under it, would be important as tending to aggravate the injury, but it is not a fact essential to the existence of a cause of action.

Where a prosecution is maliciously set on foot, and there is no probable cause justifying it, an action will lie, although the charge upon which the prosecution is founded may not be one involving punishment, as for a felony or misdemeanor. In order to create a right of action, it is not necessary that the charge should be of a violation of a law providing for the punishment of crime ; for it is well settled that the malicious and wrongful prosecution of a purely civil action will entitle

the injured party to his action.    Cooley Torts, 180; Moak's Underhill Torts, 99; *Williams* v. *Hunter*, 14 Am. Dec. 597, authorities in note.

In *Lockenour* v. *Sides*, 57 Ind. 360 (26 Am. R. 58), it was held that an action could be maintained by one against whom another had maliciously and without probable cause instituted proceedings to have him declared insane.

The complaint does aver that a warrant was issued, but if it did not it would still be sufficient. In *Ruston* v. *Biddle*, 43 Ind. 515, it was held that it was not necessary to allege that a warrant was issued or served, but that all that need be done is to charge that the affidavit was made and filed maliciously and without probable cause. In *Stancliff* v. *Palmeter*, 18 Ind. 321, the court quoted from Blackstone the following statement of the law: " But an action on the case for a malicious prosecution may be founded upon an indictment whereon no acquittal can be had, as if it be rejected by the grand jury, or be *coram non judice*, or be insufficiently drawn. For it is not the damages of the plaintiff, but the scandal, vexation, and expense, upon which this action is founded."    Mr. Bigelow, in his notes to some of the leading cases on this subject, says: " Comyns, *ut supra*, gives the following cases where an action on the case lies without an acquittal; where an *ignoramus* is found; where the party is not indicted; where the indictment is insufficient; where the party was imprisoned or received other damage, though the defendant proceeded no further; or where a *nolle prosequi* was entered."    Bigelow Torts, 195.

The complaint alleges that the prosecution begun by Alice Bowers was dismissed, and this shows a termination of the proceeding. It is the same in effect as the *nolle prosequi* of the prosecuting attorney in criminal cases.

Judgment reversed, with instructions to overrule the demurrer to the complaint.