## Jacob Rosenberg et al.
### v.
## Sidney H. Hart.

*Malicious   Prosecution—Probable  Cause—Instructions—Compromise— Bill of Exceptions—Restoration of Part of.*

1.    No recovery can be had in an action for malicious prosecution against several defendants, where one of them only is found guilty.

2.    Nor where the prosecution did not terminate in an acquittal.

3.    Nor where the same comes to an end through a compromise between the parties.

[Opinion filed June 14, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Lawrence C. Cooper, and Duncan & Gilbert, for appellants.

" Where a person has an unblemished character and the prosecuting witness is aware of the fact, it necessarily requires more evidence to create a reasonable belief of guilt, than where the accused has a bad character; and where the prosecution is based on belief, this character of evidence is proper." Skidmore v. Bricker, 77 Ill. 166.

Rosenberg v. Hart.

To maintain his action appellee was bound to prove affirmatively:

1. Want of probable cause.

2. Malice.

3. Voluntary dismissal or abandonment of the prosecution by the appellants or that the merits had been determined in appellee's favor. Emery v. Ginnan, 24 Ill. App. 65.

"When the proceeding is dismissed or abandoned by the procurement of the party prosecuted, by settlement or compromise with the prosecutor, it is not, it seems, such a termination of the proceeding as that a suit for malicious prosecution can be maintained."

"The termination must be such as does not admit a reasonable cause for prosecution." "When the termination of the case is brought about by a compromise or settling between the parties understandingly entered into, it is such an admission that there was probable cause that the plaintiff can not afterward retract it, and try the question, which by settling he waived." Emery v. Ginnan, 24 Ill. App. 65.

Mr. Samuel Baxter Foster, for appellee.

Probable cause, is such a state of facts and circumstances as would lead a man of ordinary caution and prudence, acting conscientiously, impartially, reasonably and without prejudice upon the facts within his knowledge, to believe the person accused is guilty. Ames v. Snyder, 69 Ill. 376; Shaul v. Brown, 28 Iowa, 37; 4 Wait's Actions and Defenses, 343.

A voluntary discontinuance is *prima facie* evidence of a want of probable cause. Nicholson v. Coyhill, 4 Bar. and C. 21; Burhans v. Sandford, 19 Wend. 417, 109 Mass. 158.

While malice is not a *legal* presumption from want of probable cause, the jury may from it infer malice, not as a matter of law, but as a conclusion of fact. Roy v. Goings, 112 Ill. 663, and cases therein cited.

Evidence that the criminal prosecution was an attempt to force a settlement of a private claim, is evidence of a want of probable cause, and of malicious intent. Slomer v. People, 25 Ill. 58; 12 Kans. 109–112.

And malice is made out by showing that the proceeding was instituted to compel the surrender of property. Cooley on Torts, 185, 189, 190.

Malice is made out by showing that the proceeding was instituted from any improper motive. Cooley on Torts, 185; Harpham v. Whitney, 77 Ill. 32. Whether malice is proved or not is a question for the jury. Harpham v. Whitney, 77 Ill. 32; 2 Greenleaf on Ev., Sec. 453; 1 Hilliard on Torts, 514.

The attorney for appellants admits that it is a well established principle of law that the advice of a justice of the peace is no defense to an action for malicious prosecution, but requests this court to say that the advice of a justice of the peace should be allowed by the courts to be set up as a defense.

In actions for malicious prosecutions it has been held to be competent for the defendant to prove, in order to establish the fact of probable cause, that in prosecuting the plaintiff on a criminal charge, he acted on the advice of a regularly licensed attorney, reputable in character, and considered competent to give legal advice on all matters of law. Cooley on Torts, 183.

Advice of a state's attorney is not even sufficient, the court saying in Roy v. Goings, 112 Ill. 665 :

" We are not prepared to hold that the mere fact that an attorney, holding a commission as state's attorney, must be held to be an attorney in good standing for skill, prudence and fairness." And in that case the court refers to the case of Murphy v. Larson, 77 Ill. 172, in which the court uses this language :

" There is no reason for enlarging the rule. It would be a dangerous practice, not justified by any public exigency, to permit a party to say, in justification for commencing a criminal prosecution that might injure or destroy the reputation of the party accused, that he acted upon the advice of a person not a lawyer, however honestly the advice may have been given and received."

That the advice of a justice of the peace is no protection, see Williams v. Vanmeter, 8 Mo. 339; Cooley on Torts, 184;

Burgett v. Burgett, 43 Ind. 79; Olmstead v. Partridge, 16 Gray, 383.

"He may take such advice in aid of his own judgment but can not afford him any protection." Murphy v. Larson, 77 Ill. 172; Cooley on Torts, 184.

GARNETT, P. J.    This was an action for malicious prosecution, judgment being given in the Circuit Court for the plaintiff, and the defendants appeal.

The court instructed the jury that if they believed from the evidence the defendants, or any of them, were guilty of the arrest and prosecution, and that such arrest was malicious and without probable cause, then vindictive damages might be given.    There are two fatal errors in this instruction.    No principle of law warrants a recovery against three defendants if only one is found guilty from the evidence.    Blackman v. Blom, opinion filed in this court April 3, 1889.

The instruction tells the jury that the defendants may be found guilty if the arrest was made maliciously and without probable cause.    Suppose, however, the prosecution did not terminate in acquittal ?    The jury was not informed that an acquittal was one of the conditions of recovery by plaintiff. There was a strong tendency in the evidence to prove that the prosecution came to an end through a compromise between the parties.    If that was the manner in which the matter was disposed of there can be no recovery, as a compromise is not equivalent to acquittal.    Emery v. Ginnan, 24 Ill. App. 65; Fadner v. Filer, opinion filed in this court December 7, 1888.

The errors in this instruction are not cured by anything appearing elsewhere in the record.    We think the Circuit Court committed no error in allowing the restoration of a part of the bill of exceptions showing that all of the evidence was embraced therein.    The judgment is reversed and the cause remanded.

*Reversed and remanded.*