SIEGMUND E. HALBERSTADT, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.

Malicious prosecution — basis of action therefor.

Issuance of a warrant on a criminal charge to the proper officer for execution institutes such a prosecution as may be made the basis for a civil action. It is not necessary that the warrant should be executed. The substantial injury for which damages are recovered, and which serves as a basis for such an action, may be that inflicted upon the feelings, reputation and character by the false accusation as well as that caused by arrest and imprisonment.

Where a criminal proceeding has been terminated in favor of the accused by judicial action of the proper court or official in any way involving the merits of the proceeding, or by reason of some act chargeable to the complainant, a foundation has been laid for an action for malicious prosecution; but where the proceeding has been terminated without regard to its merits by agreement or settlement of the parties, or solely by the procurement of the accused as a matter of favor or as the result of some trick or device, preventing action by the court, there is no such termination as will sustain an action.

Where an answer alleged that a party against whom a criminal proceeding had been instituted left the jurisdiction before a warrant could be served upon him, for the purpose of avoiding arrest, and remained beyond the jurisdiction for such a period of time that he did avoid arrest, and the criminal proceeding was finally dismissed solely on account of the lapse of time, and he could not be brought to trial by reason of these facts, *held*, that the answer set forth failure of such ter-

1

mination of the criminal proceeding as was necessary as a basis for an action of malicious prosecution and was not demurrable. *Robbins* v. *Robbins*, 133 N. Y. 597, distinguished.

*Halberstadt* v. *N. Y. Life Ins. Co.*, 125 App. Div. 830, affirmed.

(Argued November 12, 1908; decided January 5, 1909.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 8, 1908, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the second and third defenses of the answer and overruled such demurrer.

The questions certified are :

*First.* Whether the matter set up as a second, further and separate defense in the paragraphs numbered III and IV in the answer is insufficient in law upon the face thereof to constitute a defense to the complaint.

*Second.* Whether the matter set up as a third, further and separate defense in the paragraphs numbered III, IV and V in said answer is insufficient in law upon the face thereof to constitute a defense to the complaint.

The action is brought to recover damages for an alleged malicious prosecution claimed to have been instituted by the respondent against the appellant in Mexico. It is in the complaint, amongst other things, alleged that the respondent through its agent in the Criminal Court of the city of Mexico charged the appellant with the crime of embezzlement " and thereupon and in and by virtue of said charge and the institution of said criminal proceedings a warrant was issued by said court for the arrest of the plaintiff (in this action)," and that thereafter " the said criminal proceedings for the punishment of said plaintiff were dismissed and extinguished and the said prosecution was thereby wholly determined　*　*　* in favor of the plaintiff."

The respondent, by its second defense, which is challenged here for insufficiency, alleged, in substance, that before the warrant referred to in the complaint could be served upon the appellant and before he could be apprehended, " he left the

Republic of Mexico and thereafter continuously remained absent  *  *  *  and by such absence avoided being arrested under such warrant, or being tried  *  *  *  but remained absent from said Republic of Mexico for a sufficient period of time to enable him to procure the dismissal of said proceedings under the law of Mexico on account solely of the lapse of time," and, conversely, that said criminal proceedings " were not dismissed on account of a determination of the case in favor of the plaintiff on the trial thereof on the merits, nor was it dismissed for failure to prosecute said case except as above set forth, nor was it dismissed on account of any withdrawal of the complaint."

The third defense, also challenged, repeats the foregoing allegations and alleges that " the departure of the plaintiff  *  *  *  was for the purpose of avoiding arrest, and by so absconding the said plaintiff did avoid arrest," and in substance that he did so for the purpose and with the result of procuring a dismissal of the criminal proceeding in accordance with the laws of Mexico on account of the lapse of time alone, and " by reason of the premises said plaintiff could not be brought to trial and was never tried in said court to answer to said charge."

*Samuel H. Guggenheimer* for appellant.   The termination of the criminal proceeding is merely a technical prerequisite to the maintenance of the action for malicious prosecution, and the manner of termination is immaterial so long as the particular criminal proceeding is ended.   (*Robbins* v. *Robbins,* 133 N. Y. 597; *Moulton* v. *Beecher,* 8 Hun, 100 ; 1 Abb. [N. C.] 193; *Clark* v. *Cleveland,* 6 Hill, 344; *Bump* v. *Betts,* 19 Wend. 421; *Apgar* v. *Woolston,* 43 N. J. L. 57; *Stanton* v. *Hart,* 27 Mich. 539 ; *Hatch* v. *Cohen,* 84 N. C. 602; *Driggs* v. *Burton,* 44 Vt. 124; *Woodworth* v. *Mills,* 61 Wis. 44 ; *Fay* v. *O'Neill,* 36 N. Y. 13.)   The facts pleaded as to plaintiff's alleged flight from the criminal jurisdiction to avoid arrest do not constitute an exception to the foregoing rule.   (*McCormick* v. *Sisson,* 7 Cow. 715; *Gallagher* v.

*Stoddard*, 47 Hun, 101; *Loftus* v. *Meyer*, 84 N. Y. Supp. 861; *Jones* v. *Foster*, 43 App. Div. 33; *Atwood* v. *Beirne*, 73 Hun, 547; *Warren* v. *Dennett*, 17 Misc. Rep. 86; *Welch* v. *Creck*, 125 N. C. 353; *Marcus* v. *Bernstein*, 117 N. C. 31; *Russell* v. *Morgan*, 24 R. I. 134; *Lamprey* v. *Hood*, 73 N. H. 384; *Parker* v. *Farley*, 10 Cush. 279.) The fact that the plaintiff was not arrested is immaterial. (*Sheldon* v. *Carpenter*, 4 N. Y. 579; *Stancliff* v. *Palmeter*, 18 Ind. 324; 19 Am. & Eng. Ency. of Law [2d ed.] 166, 167, 704; *M. T. M. Co.* v. *Regier*, 51 Neb. 402; *Driggs* v. *Burton*, 44 Vt. 124; *Matter of Clyne*, 52 Kan. 441; *Matter of Griffith*, 35 Kan. 377; *Flick* v. *State*, 22 Ind. .App. 550; *State* v. *Miller*, 11 Humph. 505; *People* v. *Clement*, 72 Mich. 116; *State* v. *May*, 1 Brev. 160; *People* v. *Clark*, 33 Mich. 112.)

*James H. McIntosh* for respondent. Making a complaint upon which a warrant issued but was not served, because the accused absconded and remained away from the jurisdiction of the court until on account of the lapse of time he could not be arrested and prosecuted, is not a prosecution. (*Heyward* v. *Cuthbert*, 4 McCord, 354; *Bartlett* v. *Christhilf*, 14 Atl. Rep. 518; *Cooper* v. *Armour*, 42 Fed. Rep. 215; *Paul* v. *Fargo*, 84 App. Div. 9; *O'Driscoll* v. *McBurney*, 2 Nott & McC. 55; *Burt* v. *Smith*, 181 N. Y. 1; *Newfield* v. *Copperman*, 15 Abb. Pr. 360; *Lawyer* v. *Loomis*, 3 T. & C. 393; *Gregory* v. *Darby*, 8 C. & P. 749.) The fact that plaintiff absconded from Mexico before he could be arrested and prosecuted shows conclusively that there was probable cause for a prosecution. (*Heyne* v. *Blair*, 62 N. Y. 19; *Hazard* v. *Flurry*, 120 N. Y. 223; *People* v. *Place*, 157 N. Y. 598; *Thaule* v. *Krekeler*, 81 N. Y. 428; *Schultz* v. *Greenwood Cemetery*, 190 N. Y. 278.) The dismissal of the proceedings against the plaintiff herein by virtue of his defeating the jurisdiction of the court by remaining out of the country, and thereby preventing his arrest and prosecution until it was impossible because of the lapse of time, was a fraud upon the law and its administration and not a *bona fide* ter-

mination of the case in his favor. (*Jones* v. *Foster*, 43 App. Div. 35; *Gallagher* v. *Stoddard*, 74 Hun, 102; *Robbins* v. *Robbins*, 133 N. Y. 597; *Craig* v. *Ginn*, 3 Penn. [Del.] 177; *Langford* v. *R. R. Co.*, 104 Mass. 431; *Parker* v. *Farley*, 10 Cush. 279; *Coupal* v. *Ward*, 106 Mass. 289; *Leyenberger* v. *Paul*, 40 Ill. App. 516; *McCormack* v. *Sisson*, 7 Cow. 715; *Atwood* v. *Beirne*, 73 Hun, 547; *Burt* v. *Place*, 4 Wend. 591.)

HISCOCK, J. This appeal involves interesting questions in an action for malicious prosecution raised by demurrer to certain affirmative defenses which have been pleaded.

The respondent's first reply to the appellant's attack upon its answer is of the *tu quoque* nature, it insisting that the complaint is as deficient in the statement of a good cause of action as the answer is alleged to be in the statement of a good defense. This contention is based upon the fact that the complaint does not allege any act subsequent or in addition to the mere issuance of a warrant in the criminal proceeding complained of; does not allege that the warrant was ever executed in any way whatever, or that the appellant was ever actually brought into said proceedings either by force of process or voluntary appearance. Therefore, the question is presented whether the mere application for and issuance to a proper officer for execution of a warrant on a criminal charge may institute and constitute such a prosecution as may be made the basis of a subsequent civil action by the party claimed to have been injured. In considering this question we must keep in mind that the facts alleged in the complaint, and in the light of which it is to be determined, do not show, as the answer does, that the defendant in those proceedings was beyond the jurisdiction of the court.

. This question does not seem to have been settled by any decision which we regard as controlling on us.

The respondent cites the following authorities deciding it in the negative: *Newfield* v. *Copperman* (Spl. Term) (15 Abb. Pr. [N. S.] 360); *Lawyer* v. *Loomis* (3 T. & C. 393); *Cooper*

v. *Armour* (42 Fed. Repr. 215); *Heyward* v. *Cuthbert* (4 McCord [S. C.], 354); *O'Driscoll* v. *M'Burney* (2 Nott & McCord [S. C.], 54); *Bartlett* v. *Christliff* (14 Atlantic Repr. 518); *Gregory* v. *Derby* (8 C. & P. 749); *Paul* v. *Fargo* (84 App. Div. 9).

The case last cited was concerned with an alleged malicious prosecution by means of civil process and what was there said must be interpreted with reference to that fact, and thus interpreted it is not applicable here.   Of the other cases, only two, *Heyward* v. *Cuthbert* and *Cooper* v. *Armour*, considered the question here involved with sufficient thoroughness to require brief comment.   An examination will show that the decision in each of them rested in whole or part on a principle not, as I believe, adopted in this state.   In the former it was said that " The foundation of this sort of action is the wrong done to the plaintiff by the direct detention or imprisonment of his person."   As I think we shall see hereafter, that is not a correct statement of the law in this state. In the other case it was stated, " The only injury sustained by the person accused, when he is not taken into custody, and no process has been issued against him, is to his reputation; and for such an injury the action of libel or slander is the appropriate remedy, and would seem to be the only remedy."   I think that this doctrine, which if correct would provide an adequate remedy outside of an action for malicious prosecution for an injured party in a case where no warrant had been executed, also is opposed to the weight of authority both in this state and elsewhere hereafter to be referred to.

The authorities holding to the contrary on the question above stated, and that the execution of the warrant is not necessary to lay the foundation for an action of malicious prosecution, are:  Addison on Torts (Vol. 2 [4th Eng. ed.], p. 478);  Newell on Malicious Prosecution (sect. 30);  Stephens on Malicious Prosecution (Am. ed., sect. 8); *Stapp* v. *Partlow* (Dudley's Repts. [Ga.] 176; *Clarke* v. *Postan* (6 C. & P. 423); *Feazle* v. *Simpson* (2 Ill. 30); *Britton* v. *Granger* (13 Ohio Cir. Ct. Repts. 281, 291); *Holmes* v. *Johnson*

(Busbee's L. R. [N. C.] 44); *Coffey* v. *Myers* (84 Ind. 105).

And to the like effect in the absence of special statutory provisions is *Swift* v. *Witchard* (103 Ga. 193).

Thus it is apparent, as before stated, that there is no controlling decision on this question and we are remitted to a search for some general considerations which may be decisive. It seems to me that these may be found and that they favor the view that a prosecution may be regarded as having been instituted even though a warrant has not been executed.

The first one of these considerations is found in the rule applied in civil actions and proceedings to an analagous situation. There it has many times been held that the mere issue of various forms of civil process for service or other execution is sufficient independent of statute to effect the commencement of a case or proceeding. (*Carpenter* v. *Butterfield*, 3 Johns. Cases, 146 ; *Cheetham* v. *Lewis*, 3 Johns. 42; *Bronson* v. *Earl*, 17 Johns. 63 ; *Ross* v. *Luther*, 4 Cowen, 158 ; *Mills* v. *Corbett*, 8 How. Pr. 500 ; *Hancock* v. *Ritchie*, 11 Ind. 48, 52 ; *Howell* v. *Shepard*, 48 Mich. 472 ; *Webster* v. *Sharpe*, 116 N. C. 466, 471.)

I see no reason why a similar rule should not be applied to criminal proceedings, at least for the purposes of such an action as this.

Then there is another reason resting on justice which seems to me to lead us to adopt this conclusion. In opposition to what was said in the South Carolina case already referred to, the sole foundation for an action of malicious prosecution is not " the wrong done to the plaintiff by the direct detention or imprisonment of his person." In an action for false imprisonment that would be so. But in an action of the present type, the substantial injury for which damages are recovered and which serves as a basis for the action may be that inflicted upon the feelings, reputation and character by a false accusation as well as that caused by arrest and imprisonment. This element " indeed is in many cases the gravamen of the action." (*Sheldon* v. *Carpenter*, 4 N. Y. 579, 580 ; *Woods* v. *Finnell*,

13 Bush [Ky.] Repts. 628 ; Townsend on Slander, sec. 420 ; *Wheeler* v. *Hanson*, 161 Mass. 370 ; *Gundermann* v. *Buschner*, 73 Ill. App. 180 ; *Lawrence* v. *Hagerman*, 56 Ill. 68 ; *Davis* v. *Seeley*, 91 Iowa, 583.)

But no matter how false and damaging the charge may be in a criminal proceeding upon which a warrant may be issued, damages for the injury caused thereby cannot under any ordinary circumstances be recovered in an action for libel or slander. (*Howard* v. *Thompson*, 21 Wend. 319, 324 ; *Woods* v. *Wiman*, 47 Hun, 362, 364 ; *Sheldon* v. *Carpenter, supra ; Dale* v. *Harris*, 109 Mass. 193 ; *Gabriel* v. *McMullin*, 127 Iowa, 427 ; *Hamilton* v. *Eno*, 81 N. Y. 116 ; Newell on Malicious Prosecution, sec. 10.)

Therefore, it follows that a person who has most grievously injured another by falsely making a serious criminal accusation against him whereon a warrant has been actually issued, may escape all liability by procuring the warrant at that point to be withheld unless an action for malicious prosecution will lie. It seems to me that under such circumstances we should hold that such action will lie, if for no other reason than to satisfy that principle of law which demands an adequate remedy for every legal wrong.

Deciding, therefore, that the appellant's complaint does state a cause of action, we are brought to the direct consideration of the respondent's answer. I do not think that there is such substantial difference between the two defenses which are questioned as calls for any separate treatment of them. Liberally construed, as the pleader is entitled to have them in the face of a demurrer, each one amounts to this, that the appellant fled from Mexico before the warrant could be served on him for the purpose of avoiding service, and remained out of the country and beyond the jurisdiction of the court for such a length of time that the criminal proceeding was finally dismissed, presumably because prosecution was not and could not be carried on. The question is whether a dismissal or discontinuance of a criminal proceeding under such circumstances is that kind of a termination which will support an action

for malicious prosecution. If it is, the answers are bad; otherwise, not.

While it is elementary that a criminal proceeding must be terminated before an action for malicious prosecution can be begun, there has been much discussion of the nature of this necessary termination. The best idea of what is essential may be gathered by reference to some pertinent authorities.

In *Wilkinson* v. *Howell* (22 E. C. L. R. 368; 1 M. & M. N. P. 495) it appeared that the court in the criminal proceeding complained of had ordered a *stet processus* with the consent of the parties. It was said by Lord TENTERDEN, "that the termination (of the criminal proceeding) must be such as to furnish *prima facie* evidence that the action was without foundation," and that the termination in question did not furnish any such evidence.

In *McCormick* v. *Sisson* (7 Cowen, 715, 717) criminal proceedings were suspended because the parties declared that they had settled all matters of difficulty between them. The court held that there was no proper termination of the proceeding, saying: "It is essential that the plaintiff prove he has been acquitted. The discharge must be in consequence of the acquittal. The action cannot be sustained unless the proceedings are at an end by reason of an acquittal."

In *Gallagher* v. *Stoddard* (47 Hun, 101) it appeared that the plaintiff, after being arrested, paid the officer having him in custody some money, which was receipted for by the defendant and the officer, and he was thereupon discharged. It was held that this was not enough.

In *Atwood* v. *Beirne* (73 Hun, 547) it appeared that there had been cross criminal proceedings and it was arranged that the respective complainants should be absent on the days to which the proceedings were adjourned and each complaint thus fell for want of prosecution. It was held that this was not a sufficient termination to support a subsequent action for malicious prosecution.

In *Jones* v. *Foster* (43 App. Div. 33, 35) it was said that the theory on which such an action as this is sustainable "is

that the proceeding out of which the action arose has termi-
nated successfully to the defendant, exonerating him from the
charge made."

In *Leyenberger* v. *Paul* (40 Ill. App. 516) it was estab-
lished that there had been an adjournment of the crimi-
nal proceedings to a certain day and that the attorney for the
defendant in that proceeding in violation of his agreement
went before the magistrate and procured the dismissal of the
charge for want of prosecution. It was held that this was
not sufficient, the court saying: " But a *nolle prosequi* by con-
sent, or by way of compromise, or where such exemption from
further prosecution has been demanded as a right, or sought·
for as a favor, is not enough. * * * The principle of the
cases is that the discharge or acquittal must be by judicial
action under such circumstances as that the party accused has
not avoided or prevented judicial investigation."

And it has been held in many different jurisdictions under
varying circumstances that the entry of a *nolle prosequi* by
the prosecuting officer or the termination of a criminal pro-
ceeding by the procurement of the party prosecuted or by his
consent or by way of compromise is not such a termination of
a prosecution as will enable the · party thereby discharged to
maintain an action for malicious prosecution. (*Langford* v.
*B. & A. R. R. Co.*, 144 Mass. 431; *Russell* v. *Morgan*,
24 R. I. 134; *Craig* v. *Ginn*, 94 Am. State Repts. 77;
*Welch* v. *Cheek*, 115 N. C. 310; *Marcus* v. *Bernstein*, 117
N. C. 31; *Holliday* v. *Holliday*, 123 Cal. 26; *Rosenberg* v.
*Hart*, 33 Ill. App. 262; *Marbourg* v. *Smith*, 11 Kan. 554.)

From all of .these authorities added to others which are
more familiar I think two rules fairly may be deduced. The
first one is that where a criminal proceeding has been termi-
nated in favor of the accused by judicial action of the proper
court or official in any way involving the merits or propriety
of the proceeding or by a dismissal or discontinuance based on
some act ·chargeable to the complainant as his consent or his
withdrawal or abandonment of his prosecution, a foundation
in this respect has been laid for an action of malicious prose-

cution.    The other and reverse rule is that where the proceeding has been terminated without regard to its merits or propriety by agreement or settlement of the parties or solely by the procurement of the accused as a matter of favor or as the result of some act, trick or device preventing action and consideration by the court, there is no such termination as may be availed of for the purpose of such an action.    The underlying distinction which leads to these different rules is apparent.    In one case the termination of the proceeding is of such a character as establishes or fairly implies lack of a reasonable ground for his prosecution.    In the other case no such implication reasonably follows.    (Townsend on Slander, section 423.)

When we apply these rules to the defenses which have been pleaded it is evident that they sufficiently allege a termination of the Mexican proceeding which is not of a character to sustain this action, and ought not to be.    That proceeding came to a dismissal and end, not because of any judicial action in favor of the accused for lack of merits or because of a withdrawal or abandonment of it by the prosecuting party, but simply because the defendant therein succeeded in escaping from the country and eluding the jurisdiction of the court and thereby preventing a prosecution. He by his flight, as in other cases the accused had done by agreement, settlement or trick, prevented a consideration of the merits, and he ought not now to be allowed to claim that there were no merits.

In some of the cases refusing to allow the maintenance of such an action as this by a party who had procured a discontinuance of criminal proceedings by settlement, it has been said that the reason for such rule is that such settlement was so far a recognition of the propriety of the proceeding that a party making it is subsequently estopped from questioning them.    It may be that the conduct of the present appellant in fleeing from Mexico was discreet or even justifiable by virtue of facts which do not appear to us.    At the present time, however, it does not to my mind carry any such pre-

sumption of innocence in connection with the termination of the proceedings in that country as impliedly condemns them for having been instituted maliciously and without ground.

In opposition to these views it is insisted by appellant that there is a line of cases which treats the discharge of the defendant in the criminal proceeding as a mere technical condition precedent to the action for malicious prosecution and sustain his theory that the dismissal of the proceeding against him was sufficient for the purposes of this action, specific reference being made to the cases of *Clark* v. *Cleveland* (6 Hill, 344); *Moulton* v. *Beecher* (8 Hun, 100); *Fay* v. *O'Neill* (36 N. Y. 11); *Coffey* v. *Myers* (84 Ind. 105), and *Robbins* v. *Robbins* (133 N. Y. 597).

A brief review of these cases seems proper.

In the first one the person arrested was released from custody on void bail proceedings. He appeared in accordance with the terms of the latter at a Court of General Sessions, but the complainant did not appear and no subsequent steps were taken under the warrant. While some general observations were made with reference to the necessary ending of a criminal prosecution, I discover nothing opposed to the principles already stated, and it was held in that case that there had not been a sufficient ending of the prosecution to sustain an action for malicious prosecution.

In the *Moulton* case it appeared that the criminal charge complained of had been terminated in plaintiff's favor by the entry of a *nolle prosequi* on motion of the district attorney " after consulting with defendant and in compliance with his request." This was clearly a sufficient termination.

*Fay* v. *O'Neill* simply holds that the abandonment of a criminal charge and a discontinuance of the prosecution is equivalent to a discharge from the accusation so as to support an action for malicious prosecution.

The Indiana case is thought to be especially applicable because there the accused had fled from the jurisdiction of the criminal court and the complaint showing this fact was challenged by demurrer and still held good. The complaint in

that case, however, stated a very different termination of the proceeding from that outlined in the present answer, it being expressly alleged that the criminal charge was false; that the defendant fled because of a conspiracy formed which would prevent him from establishing his innocence, and that the proceeding was dismissed because the originators thereof "became satisfied that they could not maintain the prosecution."

It is, however, the *Robbins* case upon which the appellant most relies. In that case it appeared that the accused had been discharged in the criminal proceeding after a hearing by a police justice and the only question was whether she was discharged because there was no sufficient evidence against her or whether she was erroneously discharged as a matter of sympathy upon her promise of good behavior. This question was one of fact for the jury, which presumably resolved it in favor of the plaintiff. But even if the justice under the circumstances was actuated by erroneous or improper motives in discharging her, it nevertheless beyond any question was a sufficient termination of the proceeding under all of the authorities bearing on that subject, and on either theory the basis was laid for an action of malicious prosecution. Under these circumstances the learned judge who wrote the opinion made use of some expressions which interpreted by themselves are quite broad and general and are quite confidently quoted by this appellant. He said, among other things: "It cannot in reason make any difference how the criminal prosecution is terminated, provided it is terminated. * * * The circumstances under which she (the plaintiff in that case) is discharged may furnish competent evidence upon the issue of probable cause and malice, and on the question of damages. * * * the termination of the criminal proceeding is a mere technical matter in no way concerning the merits of the action and is a mere condition precedent to its maintenance." (P. 600.)

In my opinion these remarks should not be construed as meaning and were not intended to mean what the appellant

claims.   For instance, it is not possible that it was intended to disregard the entire current of authority that a termination of criminal proceedings by agreement or settlement is not such an one as will support an action for malicious prosecution, and yet literally the language employed would include that case. We must construe the language used by Judge EARL in the light of the events he was considering, and these were the discharge of an accused by a magistrate acting judicially even though erroneously after a hearing.   This was what the judge had in mind when, after discussing the effect of a conviction, he mentioned the other termination resulting " favorably to the accused or without his conviction," as sufficient.   And when he said " It cannot in reason make any difference how the criminal prosecution is terminated provided it is terminated " he immediately referred as illustrating his meaning to the case then in hand, where the accused had been duly discharged by the justice although as claimed erroneously.   Termination as the result of judicial consideration and decision was what he was talking about and this was the kind he contemplated when with his concluding words he said : " Therefore any termination such as we have above mentioned, as a general rule, furnishes the condition precedent."   (P. 600.)

Therefore, I think that these cases do not either singly or collectively sustain the burden which appellant has sought to impose especially upon them of furnishing an authority for the reversal of the order appealed from, and for all the reasons stated the latter should be affirmed, with costs, and the questions certified to us answered in the negative.

VANN, J.   I concur in the result because there was merely an attempt to prosecute with no actual prosecution.   The Mexican court did not acquire jurisdiction of the person of the plaintiff, for he was not arrested, nor was process or notice of any kind served upon him.   He was not brought into court and the prosecution could not end because it was never begun. He could not be a party defendant until he was notified or

voluntarily appeared. He was threatened with prosecution, but neither his person nor his property was touched. There can be no prosecution unless knowledge thereof is brought home to the alleged defendant in some way. If there had been a prosecution commenced the crime could not have outlawed during the defendant's absence, as is admitted of record. While in civil actions, in order to arrest the Statute of Limitations, " an attempt to commence an action, in a court of record, is equivalent to the commencement thereof," still the attempt goes for naught unless followed by service, actual or constructive, within sixty days. (Code Civ. Proc. § 399.) The rule was similar at common law. Although, in order to prevent injustice, an action was deemed to be commenced by the delivery of process for service, it was never treated as effectual for any purpose unless actual service was subsequently made. The authorities cited in the prevailing opinion illustrate this proposition.

In the absence of controlling authority, which it is conceded does not exist, I favor restricting rather than enlarging the scope of the action. This accords with the general position of the court upon the subject.

GRAY, HAIGHT and CHASE, JJ., concur with HISCOCK, J.; CULLEN, Ch. J., and WILLARD BARTLETT, J., concur with VANN, J.

Order affirmed.