'Daniel Daly, Plaintiff in Error, v. City of Chicago and Chisholm, Boyd & White Company, Defendants in Error.

Gen. No. 25,410.

1. PROCESS, § 18*—*when alias summons may issue.* Under section 4 of the Practice Act (J. & A. ¶ 8541), providing for the issuance of an *alias* summons whenever it appears by the return of the sheriff or coroner that defendant is not found, an order by the court for an *alias* summons is not justified nor is the clerk authorized to issue such a summons after a lapse of more than 4 years after the issue of the original summons where the original summons was not placed in the sheriff's hands, defendants were not notified in any manner of the pendency of the suit and no excuse is made for such nonaction nor any showing made why an *alias* summons should issue.

2. PROCESS, § 32*—*when summons should be served.* Where an action to recover for personal injuries is instituted, defendants are entitled to prompt notice of its pendency, especially where the damages are sought for alleged injuries suffered in connection with a temporary structure.

3. APPEARANCE, § 8*—*what does not constitute.* The mere recital in the trial court's order that leave is given a defendant to plead, answer or demur by a certain date does not require that such defendant be considered, on appeal, as having entered a general appearance thereby waiving the question as the propriety of the issuance of an *alias* summons, for the purpose of moving to quash which defendant specially appeared, where the record does not disclose that defendant asked leave to plead, etc., but the inconsistency between defendant's course of action and the recital in the order will be attributed to a clerical error in the entry of the order.

Error to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed July 14, 1920. Rehearing denied July 28, 1920.

ROBERT F. MUNSELL, for plaintiff in error.

SAMUEL A. ETTELSON and WILLIAM H. DEVENISH, for

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant in error City of Chicago; ROBERT H. FAR-
RELL, of counsel.

JUDAH, WILLARD, WOLF & REICHMANN, for defendant
in error Chisholm, Boyd & White Co.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

It is sought by this writ of error to reverse the order
of the superior court of Cook county quashing an *alias*
writ of summons and dismissing the suit at plaintiff's
costs.

On March 10, 1914, the plaintiff, Daniel Daly, filed
a *præcipe* for a writ of summons in the office of the
clerk of said superior court against the defendants in
an action for damages for personal injuries, and on
the same day the clerk issued the summons in due form
directed to the sheriff of said county to execute, re-
turnable to the May term, 1914. The record does not
disclose that the summons was ever placed in the
sheriff's hands or that any return was ever made
thereon by him. No further action appears to have
been taken in the case until December 22, 1916, when
the court, on motion of plaintiff's attorney, ordered
that the cause be continued generally. Action was
next taken by plaintiff on August 2, 1918, over 4 years
and 4 months after the original summons had been is-
sued by the clerk. The record discloses that on that
day, on motion of plaintiff's attorney, the court or-
dered that an *alias* summons issue; that also on that
day the *original* summons, issued March 10, 1914, was
presented to one of the judges of said superior court
and said judge indorsed on the back thereof the order,
"Let *alias* summons issue," and signed his name there-
under; and that also on that day the clerk issued an
*alias* summons, returnable to the September term, 1918,
and the same was placed in the sheriff's hands, who
subsequently returned it with the indorsement as hav-

ing served the defendant, City of Chicago, on August 5, 1918, and as having served the other defendant on the following day. No declaration was filed by plaintiff until August 6, 1918. It contains two counts and it is therein charged, in substance, that on December 26, 1913, the City of Chicago had control of 57th street in said city; that Chisholm, Boyd & White Company (hereinafter called Chisholm Company) maintained a building at 57th and Wallace streets, and near to or in front of No. 610 West 57th street maintained a driveway across the sidewalk on said street which led into its premises; that the defendants had negligently permitted an unsafe temporary construction to be erected there and an excavation to be made, $2\frac{1}{2}$ feet below the level of the sidewalk, rendering the place dangerous to pedestrians lawfully using said street; and that while plaintiff was walking over said temporary construction it gave way and fell and plaintiff was thrown down and severely injured, etc. On August 28 the defendant Chisholm Company entered its "special and limited appearance" for the sole purpose of moving the court to dismiss the suit "for failure to file a declaration and for want of prosecution." On August 29 the court entered an order of record continuing said motion "for hearing and final disposition," and further ordered that "leave be and is hereby given *said defendant* to plead, answer or demur herein by September 30, 1918." On September 3, the defendant, City of Chicago, entered its "special appearance for the sole and only purpose of making a motion to quash the *alias* writ heretofore issued." On November 9 the defendant, Chisholm Company, entered its "special and limited appearance, for the sole and only purpose of making a motion to quash the *alias* summons herein and the return of the sheriff thereon, * * * and to dismiss the suit as to the said defendant, * * * and for no other purpose whatsoever." It appears from the bill of exceptions that

on said November 9 all parties were present in court by their respective attorneys; that the Chisholm Company made a motion for leave to withdraw its special appearance filed on August 28 and to substitute therefor its special appearance last-above mentioned; that the court, over objection, allowed said motion; that thereupon the Chisholm Company made a written motion, supported by affidavits, to quash said *alias* summons issued on August 2, 1918, and to quash and vacate the alleged service by the sheriff of the same on said defendant, and to dismiss the suit; that in said motion the Chisholm Company set up the various prior proceedings shown by the record and alleged that because of the delay and laches of the plaintiff it has been greatly and irreparably injured in its defense of the suit; and that in the affidavit of Harry J. Flood, president of Chisholm Company, it is alleged, in substance, that Flood had been president of the company since 1896; that the company's business is that of manufacturing brick machinery; that its buildings and plant since 1890 have been located west of Wallace street and between 56th and 57th streets; that its principal office fronts on 57th street; that its office has at all times been open during business hours for the transaction of business; that with few exceptions affiant has been in said office during business hours each business day since the alleged accident described in said declaration and on most any business day could have been served with process; that for a number of years past plaintiff has resided at No. 542 West 57th street within about one block from said office; that during the past 5 years affiant has frequently met the plaintiff on the street and conversed with him; that prior to August 6, 1918, no attempt had been made to serve the Chisholm Company with process in this case, and that affiant inquired at the sheriff's office and was there informed that said sheriff's office had no record that the original summons issued in this case was ever

there received.  It further appears that after argument of counsel the court entered an order on November 9, 1918, sustaining the motion of the Chisholm Company and dismissing the suit at plaintiff's costs. It further appears from an additional bill of exceptions, in substance, that on January 13, 1919, all parties by their respective attorneys were again in court; that it appeared that on November 9, 1918, the court dictated the order to be entered to the minute clerk and that said clerk so confused the same that the order did not show that the City of Chicago joined in said motion made by the Chisholm Company to quash said *alias* summons and to vacate the alleged service as to both defendants and to dismiss the suit; and that the court thereupon ordered that the record of the order entered on November 9 be amended and corrected to speak the truth.  And the record discloses that on January 13, 1919, the court ordered that the record be so amended to show that on November 9, 1918, the court ordered, on motion of the attorneys for both defendants, that the *alias* summons, issued on August 2, 1918, and the return of the sheriff thereon purporting to show service on both defendants, be quashed, and that the suit be dismissed as to both defendants.

In *Collins v. Manville,* 170 Ill. 614, 616, it is said: "The issuing of the summons and delivery to the sheriff for service were the commencement of action in this State."  (Citing, *Feazle v. Simpson,* 2 Ill. (1 Scam.) 30; *Chicago & N. W. Ry. Co. v. Jenkins,* 103 Ill. 588; *Schrœder v. Merchants & Mechanics' Ins. Co.,* 104 Ill. 71; *Fairbanks v. Farwell,* 141 Ill. 354.)  In section 4 of the Practice Act (J. & A. ¶ 8541) now in force it is provided: "Whenever it shall appear, *by the return of the sheriff or coroner,* that the defendant is not found, the clerk shall, at the request of the plaintiff, issue another summons or *capias,* as the case may be, and so on until service is had."  This lan-

guage is the same as was contained in section 8 of the former Practice Act. In the present case the plaintiff caused the clerk to issue a summons on March 10, 1914. This original summons was not placed in the sheriff's hands for service, and the defendants were not in any manner notified of the pendency of the suit. No excuse for such nonaction is shown. On August 2, 1918, after a lapse of more than 4 years, the original summons was presented to one of the judges of the court and an order was entered, on motion of plaintiff's attorney, that an *alias* summons issue. It does not appear that any showing whatever was made as to why an *alias* summons should issue. Under the circumstances, and by reason of the language of section 4 of the Statute above quoted, we do not think that the court was justified in entering the order for the issuance of an *alias* summons or that the clerk had authority to issue such a summons.

In 14 Cyc. p. 443, it is said: "An action may be dismissed or a nonsuit granted for the failure of plaintiff to prosecute it with due diligence, unless he presents sufficient excuse for failure to prosecute. This power exists independently of statute or rule of court. * * * Within the rule just stated, an action is properly dismissed for want of prosecution * * * where plaintiff fails to take any steps in the action for several years." In 9 Ruling Case Law, p. 206, sec. 25, it is said: "It is an inherent right of the courts, and therefore one existing independently of any statute, to dismiss a suit for a failure to prosecute it with due diligence. Within the rule, declared in some jurisdictions, that a court may, in the exercise of its discretion, dismiss an action for this cause, it has been held that a suit may be dismissed if there has been a failure to have the summons issued for an unreasonable period of time after the filing of the complaint, or if, after its issuance, there has been an unreasonable and inexcusable delay in serving it."

(See *Grigsby v. Napa County,* 36 Cal. 585, 588; *Sanitary Dist. of Chicago v. Chapin,* 226 Ill. 499, 500.) In the present case we think that the action of plaintiff's attorney, in not causing service to be had on the defendants, or plaintiff's declaration to be filed, until after the lapse of more than 4 years after the issuance of the original summons, militated against the rights of the defendants. They were entitled to be notified promptly of the pendency of the action, especially as it is disclosed from the declaration as finally filed that plaintiff sought damages for alleged injuries suffered in connection with a *temporary* structure. With the lapse of time witnesses are not easily obtainable and the details of previously existing temporary conditions are forgotten. The language used in the opinion in the case of *Hazlehurst v. Morris,* 28 Md. 67, 75, is pertinent: "We do not find any authority for such practice, but are of opinion that such an one ought not to be tolerated. Plaintiffs might lie by for years, and then bring defendants into court, after their witnesses were dead or their proofs lost or destroyed, and obtain judgments against them upon claims not founded in justice; and the practice be thus used as a means of injustice and oppression."

And we do not think that because of the latter part of the court's order of August 29, 1918, the Chisholm Company should be considered as having entered a general appearance, thereby waiving the point made by their special appearance. The record does not disclose that the Chisholm Company *asked* leave to plead, etc. The latter part of said order is so inconsistent with the action taken by the Chisholm Company at all times that apparently the entry is a clerical error.

Our conclusion is that the trial court did not abuse its discretion in entering the order that the *alias* summons and the return of the sheriff thereon be quashed, and that the action be dismissed as to both defendants.

*Affirmed.*

Zazove v. M., St. P. & Sault Ste. Marie Ry. Co., 218 Ill. App. 534.

MR. PRESIDING JUSTICE BARNES and MR. JUSTICE MATCHETT concur.