JOSEPH MURPHY, Respondent-Appellant, v COUNTY OF NASSAU, Appellant-Respondent.—In an action to recover damages for false arrest and malicious prosecution, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered January 30, 1979, in favor of the plaintiff in the principal sum of $10,500, upon a jury verdict. The plaintiff has abandoned his cross appeal. Upon appeal by defendant, judgment affirmed, with costs. Plaintiff's three causes of action, one sounding in false arrest and two in malicious prosecution, arise from his arrest and subsequent prosecution on charges of having aided and abetted in the assault of two men on the premises of the Ebb Van Lines in Garden City Park. The

jury, in a verdict which was supported by the evidence, concluded, *inter alia,* that the plaintiff had been arrested without probable cause and that he was entitled to recover on all three causes of action. In our view, it was not improper for the trial court to submit both causes of action for malicious prosecution to the jury. While both causes of action arose out of the same series of events, each arose from a separate criminal action, which had been commenced against the plaintiff by a separate accusatory instrument charging him with an assault of a different person. Conceivably, then, the jury could have returned a verdict in favor of the plaintiff on one cause of action but not the other, e.g., had it concluded that there was probable cause to proceed against the plaintiff in connection with one of the assaults but not the other. Moreover, we do not believe that the jury verdict—$4,000 in favor of the plaintiff on each of the malicious prosecution causes of action— constituted a double recovery (as has been contended) or that the verdict as a whole was excessive. The special damages for each of the malicious prosecution causes of action were separate and distinct, e.g., the plaintiff had paid his attorney $250 to represent him on each charge (see *Broughton v State of New York,* 37 NY2d 451, 459). In addition, the jury was justified in concluding that the general damages, to wit, the emotional distress and injury to the plaintiff's "reputation and character" *(Halberstadt v New York Life Ins. Co.,* 194 NY 1, 7; see Restatement, Torts 2d, § 670) was likewise separable and that, in the aggregate, his injury stemming from the two maliciously instituted prosecutions was greater than the injury which he would have suffered from only one (cf. *Hoffman v State of New York,* 57 AD2d 644, mot for lv to app den 42 NY2d 808). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.