WILLIAM GILBERT

*v.*

STREW M. EMMONS.

42 143
34a 417
42 143
57a 307
42 143
90a 4362

1. ALLEGATIONS AND PROOF — *averment of an acquittal by a grand jury, in a declaration for a malicious prosecution — what will support it.* In a declaration for malicious prosecution of the plaintiff by the defendant, on a charge of larceny, it was averred that the grand jury "adjudged and determined that the said plaintiff was not guilty of the said supposed offense, and refused and did not find or present a bill of indictment against the said plaintiff for the said supposed offense or for any offense whatever, and then and there caused the said plaintiff to be discharged out of custody, fully accquitted and discharged of the said supposed offense." The proof that the grand jury ignored the bill, was held to support this averment.

2. MALICIOUS PROSECUTION — *whether a trial by jury is necessary, before an action will lie.* It is not essential, in order that a party may maintain an action for malicious prosecution, that there should be a trial by jury and a verdict of acquittal rendered upon the charge preferred against him.

3. FORMER DECISIONS. The case of *Hurd* v. *Shaw*, 20 Ill. 356, so far as a contrary rule is intimated therein, is overruled.

4. MALICIOUS PROSECUTION — *in an action against two, what concurrence will render both liable.* One person cannot be made liable in damages because he knows that another person is about to commit an unlawful act, even though he fails to protest against it, and therefore, in the ordinary use of language, may be said to have consented to it.

5. So, where one of two partners was about to commence a prosecution against a party, upon a charge of having stolen the money of the firm, the mere "knowledge and consent" of the other partner that he should have the person accused arrested, would not render the partner so knowing and consenting, liable to an action for malicious prosecution, at the suit of the person arrested.

6. Something further would be necessary in order to make him liable. It would be necessary that his "consent" should be of so active and positive a character as to amount to advice and co-operation.

7. If he advised the arrest, although he may not have directly caused it, he would be equally responsible with the other partner who was the active prosecutor. But his mere "knowledge and consent" would not render him liable.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of trespass on the case, brought in the court below by Strew M. Emmons against Frank S. Palmer and William Gilbert, for malicious prosecution of the plaintiff, upon a charge of larceny.

A trial resulted in a verdict for the plaintiff for $5,000 damages; Palmer having died after the verdict was rendered, a judgment was entered against Gilbert, from which he took this appeal. So much of the pleadings and facts in the case as are necessary for an understanding of the questions decided, will be found in the opinion of the court.

Messrs. HERVEY, ANTHONY & GALT, for the appellant.

Messrs. DOW & THOMPSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The declaration in this case avers, that the grand jury " adjudged and determined that the said plaintiff was not guilty of the said supposed offense, and refused, and did not find or present a bill of indictment against the said plaintiff for the said supposed offense, or for any offense whatever, and then and there caused the said plaintiff to be discharged out of custody, fully acquitted and discharged of the said supposed offense." The proof made by plaintiff to support this averment was, that the grand jury ignored the bill, and the first point made by the counsel for the plaintiff in error is, that this proof is not sufficient to sustain the declaration. It is true there was no " acquittal," in the strict technical sense of that term, because there was no trial before a traverse jury, but when the entire averment is taken together, a part of which counsel for plaintiff in error have inadvertently, we must presume, omitted, in their printed argument, while professing to quote the declaration, there can not be the slightest question as to the sufficiency of the proof. The substance of the averment is, that the grand jury refused to find a bill, and thereby caused a discharge of the plaintiff, and such was the evidence.

It is also urged that an action will not lie for malicious prosecution unless there has been a trial before a jury, and a verdict of acquittal rendered. The case of *Hurd* v. *Shaw*, 20 Ill. 356, quoted in support of this position, was decided upon other grounds, and upon this point the court express no positive judgment, but merely say they are " inclined to this opinion." Upon further consideration, however, we are satisfied this opinion is not tenable. If such were the rule, a perfectly innocent man, wantonly arrested upon a criminal charge, would be obliged, in order to secure a right of redress against his accuser, to insist that a grand jury should find a bill, and the forms of a trial had. But it would not be in his power to do this. In the absence of evidence the grand jury could not find a bill, and thus, if the rule insisted upon were to be established, a person arrested in utter wantonness and malice, and

10 — 42D ILL.

with no shadow of evidence against him, would be without means of redress.

But the judgment must be reversed on account of the error in giving the sixth instruction for the plaintiff, which was as follows :

" If the jury believe, from the evidence, that the defendants, or either of them, with the knowledge and consent of the other, caused a warrant to be sued out for larceny against the plaintiff, and thereby occasioned the arrest and imprisonment of the plaintiff; and if the jury further believe, from the evidence, that said warrant was maliciously obtained by the said defendants, or either of them, with the knowledge and consent of the other, and without probable cause, then the plaintiff is entitled to recover damages, and the jury may allow the plaintiff such damages as, from the evidence, they believe to be just and right under all the circumstances of the case, not exceeding the damages laid in the declaration."

The defendants in this case were partners, and the money said to have been stolen seems to have been the money of the firm.   But Gilbert, the plaintiff in error, had no personal knowledge of the circumstances under which the money was taken, nor does it appear that he had any direct personal agency in causing the arrest.   The affidavit upon which the warrant was issued was made by Palmer, and he directed the officer in its execution.   The declaration avers that he acted " with the advice and consent and at the instigation of the defendant, Gilbert."   Although Gilbert may not have directly caused the arrest, yet, if he advised it, as averred in the declaration, he would be equally responsible with Palmer.   And that he did so advise need not be directly proven.   The jury would have the right to infer it, if circumstances were proven justifying such an inference.   Whether such facts were proven, is a question upon which we express no opinion, as the case must go before another jury.   But that Gilbert is not liable unless he either directly participated in causing the arrest, or advised it to be made, is clear.   The mere " knowledge and

consent," on his part, that Palmer should have the arrest made, would not, as stated in the instruction, make him liable. Such an act, even if done with his knowledge and consent, was not within the scope of their partnership. A mere passive assent on his part, that Palmer might take such steps as he thought proper for the recovery of the money, or for the punishment of the person supposed to have taken it, would not render him liable. This would be merely a consent that Palmer might incur such personal liabilities as, from his knowledge of the facts, he should think just and expedient.

But one person cannot be made liable in damages because he knows that another person is about to commit an unlawful act, even though he fails to protest against it, and, therefore, in the ordinary use of language, may be said to have consented to it. In this sense a jury would probably understand this instruction. But something further would be necessary in order to make Gilbert liable. It would be necessary that his "consent" should be of so active and positive a character as to amount to advice and co-operation. In many cases the use of one of these words in place of the other, might not mislead a jury, but, in the record before us, the merits of the controversy turn to a large extent upon the difference between these terms. Did he merely leave Palmer free to follow the dictates of his own judgment, without interference on his part, which would be a species of consent, but not such as to make Gilbert liable? or did he advise and encourage the arrest, as averred in the declaration, and thus jointly with Palmer assume its liabilities? On another trial, this instruction should be modified. The judgment is reversed and the cause remanded.

*Judgment reversed.*