## Andrew J. Ruble, Plaintiff in Error, v. John Cohn, Defendant in Error.

1. MALICIOUS PROSECUTION, § 9*—*what is an essential to be proven in action for.* One of the essential things to be proven in an action for malicious prosecution is that there was no probable cause for the proceeding that was claimed to be malicious.

2. MALICIOUS PROSECUTION, § 29*—*when elements of probable cause are admitted by compromise of criminal case.* By the compromise of a criminal case for obtaining a stock of goods by use of the confidence game, by which the defendant is to be discharged from custody and the owner obtains his stock of goods, the rightfulness of the charge made the basis of the prosecution is acknowledged, the elements of probable cause for the arrest are virtually admitted, and the basis of a suit for malicious prosecution is wanting.

Error to the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1918. Affirmed. Opinion filed October 22, 1918.

TEMPLEMAN & TEMPLEMAN and THOMAS F. SMITH, for plaintiff in error.

JOHN G. FRIEDMEYER, for defendant in error; BARBER & BARBER, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

John Cohn, the defendant in error, had Andrew J. Ruble, the plaintiff in error, arrested and lodged in jail on the charge of being guilty of the crime known as "confidence game," through which Cohn claimed he had lost a stock of goods. While Ruble was in jail on the charge, he employed a lawyer to look after his interest. The lawyer, with Ruble's consent, proposed to Cohn a compromise of the difficulty to the end that Ruble might be discharged from jail by agreement and Cohn have back his stock of goods. The details of the compromise are not important to the determination of the questions here involved. It is enough to say the compromise was consummated, both the parties to this suit being fully advised about and consenting to the terms thereof. As a result Cohn got back his goods and Ruble was discharged from custody. Thereafter Ruble began this suit for false imprisonment. After he had introduced all his evidence in chief, the court instructed the jury to find Cohn not guilty, which was accordingly done. In giving this instruction the court committed no error.

One of the essential things to be proven in a suit for malicious prosecution is that there was no probable cause for the proceeding that is claimed to have been malicious. By the compromise of such a suit the rightfulness of the charge made the basis of it is acknowledged, the elements of probable cause for the arrest are virtually admitted, and the basis of a suit for malicious prosecution is wanting. *Ruehl Bros. Brewing Co. v. Atlas Brewing Co.,* 187 Ill. App. 392. A dismissal of a suit by compromise is not equivalent to the acquittal which must precede an action for malicious prosecution. *Leyenberger v. Paul,* 40 Ill. App. 516-522. No recovery can be had in an action for malicious prosecution where the same comes to an end through a compromise between the parties. *Rosenberg v. Hart,* 33 Ill. App. 262. The cause that in this suit is said to have been maliciously prosecuted came to an end through a

compromise, and, besides that, the compromise was such that the property which Cohn claimed had been taken from him by use and by means of the confidence game was voluntarily restored to him. That in itself was an admission of probable cause for the charge made.

There was no error in giving the peremptory instruction. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*