### John Reell, Appellee, v. John Petritz, Appellant.

### Gen. No. 6,950.

1. LIMITATION OF ACTIONS—*when amended declaration for malicious prosecution does not state new cause of action.* Where the declaration in a suit for malicious prosecution and false arrest stated a complete cause of action, based upon proceedings before a police magistrate, and also counted upon a subsequent indictment and prosecution in the circuit court, an amended declaration which merely struck out the part based upon the prosecution in the circuit court did not state a new cause of action which would be subject to the statute of limitations.

2. LIMITATION OF ACTIONS—*what determines whether amendment to delaration states new cause of action.* Whether an amendment to a declaration states a new cause of action is not to be determined by what proof may support defendant's plea but by the proofs that are to support plaintiff's declaration.

3. MALICIOUS PROSECUTION—*when averments concerning subsequent proceedings are not necessary.* In an action for malicious prosecution, if the criminal prosecution instituted by defendant before a police magistrate was terminated by its dismissal, plaintiff's cause of action, if he had one, was fully ripened and it was unnecessary for him to make further averments concerning subsequent proceedings against him though they grew out of the same charge.

4. MALICIOUS PROSECUTION—*when prosecution ended for purposes of action for malicious prosecution.* If a party is brought before an examining magistrate and discharged, though the proceeding might be renewed the prosecution, in point of law, is ended and the party may maintain an action for malicious prosecution.

5. MALICIOUS PROSECUTION—*when evidence of default in rent by plaintiff properly excluded.* In an action for malicious prosecution, based upon a charge of larceny made against a tenant for taking away certain wood cut on the premises and which he claimed to own, the fact that plaintiff was in default of rent was immaterial and evidence of such fact was properly excluded.

6. MALICIOUS PROSECUTION—*when exclusion of testimony of Assistant State's Attorney not substantial error.* In an action for false arrest and malicious prosecution, there was no substantial error in the court's refusal to permit the Assistant State's Attorney to tell why the prosecution was dismissed before the police magistrate, where it appears that the magistrate examined witnesses for both parties and the hearing was practically concluded before dismissal.

7. MALICIOUS PROSECUTION—*when exclusion of evidence of plaintiff's subsequent indictment, trial and acquittal not error.* Where a suit for malicious prosecution and false arrest was based upon a prosecution before a police magistrate, which was dismissed, it was not error for the court to refuse the offer of defendant to prove the indictment of plaintiff and his trial and acquittal in the circuit court in a subsequent prosecution initiated by the State's Attorney instead of defendant.

8. MALICIOUS PROSECUTION—*when advice of counsel is defense.* Advice of counsel is a defense in a suit for malicious prosecution only when the defendant made a full disclosure to his counsel.

9. MALICIOUS PROSECUTION—*full disclosure by defendant to counsel as question for jury.* Whether the defendant in a suit for malicious prosecution made a full disclosure to his counsel is a question of fact for the jury under proper instructions.

10. MALICIOUS PROSECUTION—*when advice of counsel is not defense.* In a suit for malicious prosecution, based upon the prosecution of plaintiff on the charge of larceny of wood which plaintiff claimed was given to him by defendant, the advice of counsel was not a defense where defendant must have known whether he did give the wood to plaintiff and he failed to advise counsel of that fact and the evidence on that question preponderated in favor of plaintiff.

11. MALICIOUS PROSECUTION—*malice as inferable from want of probable cause.* In an action for malicious prosecution, malice may be inferred from the want of probable cause.

12. MALICIOUS PROSECUTION—*when instruction erroneous.* In an action for malicious prosecution, where the defendant requested an

instruction that if defendant communicated all the material facts to the State's Attorney he had a right to act upon the latter's advice in causing the warrant to be issued, the court improperly struck out the word "material" but the instruction as requested was erroneous in that it did not advise the jury what were the material facts necessary to be disclosed.

13. APPEAL AND ERROR—*when error in instruction in action for malicious prosecution not prejudicial.* In an action for malicious prosecution and false arrest, the use of an instruction of "proper cause" instead of "probable cause," due to an evident typographical error, "probable cause" being frequently used in other instructions, was not prejudicial error, it not being likely to mislead the jury.

Appeal from the Circuit Court of Winnebago county; the Hon. ROBERT K. WELSH, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed February 23, 1922.

CHARLES W. FERGUSON and THOMAS E. GILL, for appellant.

GARRETT, MAYNARD & HULL, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

This is an action in the circuit court of Winnebago county, for malicious prosecution and false arrest. It resulted in a verdict and judgment for $850 in favor of the plaintiff, John Reell, from which the defendant, John Petritz, prosecutes this appeal.

On April 2, 1917, Reell became a tenant of Petritz on certain farm lands. Just prior to that time Petritz had caused certain poplar trees upon the land to be cut so they fell in the road. They were then partially trimmed up. When Reell came to the place he finished trimming the trees, burned the brush, moved the wood up near the house and during the early part of the summer cut the limbs into stove wood and the trunks into cord wood. Reell also helped an employee of Petritz cut and trim up three dead oak trees which were standing where Petritz wished to build a barn, and cut them up as he had done the poplar trees. He claims that Petritz gave all the trees to him for clear-

ing up the brush. Petritz denies this but he does not explain why he had Reell work upon any of the trees or whether Reell was to be paid for such labor.

Because Reell could not pay his rent which fell due in October, 1917, Petritz compelled him to leave the place. Then Reell began hauling the wood away. Petritz told him not to take it but Reell insisted the wood belonged to him. Petritz consulted his lawyer who sent two deputy sheriffs out to stop Reell. The next morning Reell, acting upon the advice of counsel, continued moving the wood. Thereupon Petritz again consulted his attorney, Hyler, who called up Maynard, attorney for Reell. Maynard told Hyler that Reell claimed to be the owner of the wood and suggested a replevin suit but Hyler and Petritz went to the State's Attorney. The latter again called up Maynard and stated that he would take action to protect Petritz if something were not done. When Reell continued hauling wood the State's Attorney told Petritz to begin action before a police magistrate. He did so immediately by swearing out a warrant for the arrest of Reell upon a charge of larceny. Reell was arrested and placed in jail about 11:00 a. m. and was kept there until he gave bond 6 hours later.

He appeared twice before the magistrate for a hearing. Petritz did not appear, apparently because he did not get notice. At the second hearing, witnesses were sworn and examined and the case was dismissed upon motion of the Assistant State's Attorney.

After the criminal proceedings before the police magistrate had been disposed of, Reell instituted a suit against Petritz for malicious prosecution and false arrest based upon the arrest and the said proceedings. This suit was brought to the January term, 1918, of the circuit court and while it was pending and undetermined the grand jury returned an indictment against Reell charging him with larceny of said

wood. This indictment resulted from the initiative and procurement of the State's Attorney and not that of Petritz. On February 7, 1918, a jury found Reell not guilty of said charge. Two days later, February 9, Reell filed an amended declaration in which he based his charge of malicious prosecution upon the proceedings of the police magistrate court and also upon the indictment and proceedings in the circuit court. The cause was tried upon this declaration and a verdict was returned in favor of the plaintiff. A motion for a new trial was granted by the court. Thereafter, plaintiff dismissed his suit and on March 27, 1919, instituted a new suit against the defendant charging him with malicious prosecution and false arrest and basing his charge on his arrest and the proceedings before the police magistrate and in the circuit court. In each of the counts of the declaration it is averred that the said prosecution ended on February 7, 1918, that being the date of plaintiff's acquittal. Subsequently on May 6, 1920, plaintiff filed an amended declaration in which he eliminated from his charge all references to his indictment and trial in the circuit court and grounded it solely upon the arrest and the proceedings before the police magistrate. A trial on such amended declaration resulted in a verdict in favor of the plaintiff but upon the motion of the defendant it was set aside.

On December 7, 1920, the defendant filed a plea of the statute of limitations to the said amended declaration. Plaintiff demurred and upon the motion the demurrer was carried back to the amended declaration. The court overruled the demurrer to the amended declaration and sustained it to the plea. Defendant elected to stand by the plea. Plaintiff again amended his declaration, to which defendant again interposed the plea of the statute of limitations, plaintiff demurred and defendant moved to carry the demurrer back to the declaration as amended. The court overruled the

demurrer to the declaration and sustained it to the plea. Defendant elected to stand by the plea, but filed a plea of the general issue. Again a trial resulted in a verdict for appellee. On the trial the defendant offered to prove that the plaintiff was in default of rent. He also sought to show by the Assistant State's Attorney why the proceedings before the police magistrate were dismissed and to show the proceedings under the indictment. These offers were rejected by the court.

It is insisted by the appellant that the trial court should have overruled the demurrer to the plea of the statute of limitations because the amended declaration as amended stated a new cause of action and was not filed for more than 2 years after the termination of the prosecution relied upon. Appellant also complains of rulings upon the admission and exclusion of evidence and of the giving and refusal of instructions which will be hereinafter noted.

The amended declaration as amended contained no averment of essential facts not found in the original declaration. The original declaration, however, set up the indictment, trial thereon and acquittal which is not found in the amended declaration as amended. It is thus seen that nothing was added to the declaration but much was taken away by the filing of the amended declaration and its subsequent amendment.

An examination of the original declaration will disclose that plaintiff charged that in the prosecution beofre the police magistrate he was adjudged and determined not guilty and was then and there discharged out of custody and fully acquitted. It will, therefore, be observed that the amendment which eliminated all reference to the plaintiff's subsequent indictment, arrest, trial and acquittal still left a full and complete charge with all necessary averments in the declaration, based solely on the proceedings be-

fore the police magistrate.  We cannot agree with counsel that the effect of striking from the declaration the averments concerning the proceedings in the circuit court had the effect of stating a new cause of action.  It was the same cause of action previously stated but with fewer averments.  In *Wabash Ry. Co. v. Bhymer*, 214 Ill. 579, it is said that to determine whether a new cause of action is stated by an amendment, two tests may be applied:  One is, whether or not the same evidence will support the original and amended declarations, and another is, whether a recovery on the original declaration is a bar to a recovery on the amended declaration.  Applying the first test it will readily be seen that evidence which would support the original declaration would more than serve to support the amended declaration for it would be wholly unnecessary under the amended declaration to offer any proof in reference to the proceedings under the indictment in the circuit court.  The proof necessary to support the averments of the original declaration in reference to the proceedings before the police magistrate would be sufficient to support every averment in the amended declaration.  And so also as to the second test.  No one can seriously doubt that if a recovery had been had under the original declaration such recovery would be a complete bar to a recovery under a declaration containing the averments of the amended declaration.  Counsel for appellant apparently confuse the tests by urging that matters which might constitute a complete defense as to the original declaration would not do so as to the amended declaration.  This might be true and yet such a situation would not affect the tests above mentioned.  For example, under the original declaration it would be a good defense to show that the State's Attorney and not the defendant brought about the indictment and subsequent criminal prosecution of the plaintiff.  However, the question as to whether an

amendment to a declaration states a new cause of action is not to be determined by what proof may support a defendant's plea but it is to be determined by the proofs which are to support the plaintiff's declaration. If in such a case as the one at bar the criminal prosecution instituted by the defendant before the police magistrate was terminated by its dismissal, then plaintiff's cause of action, if he had any, was fully ripened. And it was unnecessary for him to make further averments concerning subsequent proceedings against him even though they grew out of the same charge. We are of the opinion that the amended declaration as amended did not state a new cause of action and that the demurrer to the plea was properly sustained.

Authorities are not all agreed whether a prosecution may be finally terminated in favor of one charged with crime until an acquittal on the merits. Different views have been expressed as to whether or not a dismissal by the prosecutor before an examining magistrate constitutes a determination of the case. Generally speaking, whenever the prosecution is dismissed at the instance of the prosecutor or the State's Attorney and the prisoner is discharged from custody or from bail, such proceedings have been held to constitute a termination of the case, as that term is used in suits for malicious prosecution. Appellant strongly relies on *Walker v. Martin,* 43 Ill. 508, where the plaintiff had been committed to jail by a magistrate in default of bail to await the action of the grand jury; the witnesses were compelled to recognize. He was afterwards discharged from custody through habeas corpus proceedings. It was held that in a suit by him for malicious prosecution, his discharge from custody was not a termination of the prosecution against him because the habeas corpus proceedings in no wise affected the magistrate's order committing the case to the circuit court to await

the action of the grand jury. The effect of this decision was to hold that, although the prisoner had been discharged from custody through the habeas corpus proceedings, the criminal proceedings against him were not dismissed or terminated. The cause was still in the circuit court pending the action of the grand jury.

*Millar v. Sollitt*, 131 Ill. App. 196, is a case very much like the one at bar and the Appellate Court of the First District in that case quotes approvingly from *Zebley v. Storey*, 117 Pa. St. 478, wherein a number of cases are reviewed, and the following is taken from *Charles v. Abell*, Brightly N. P. (Pa.) 131, and it is there said: "It must be acknowledged that the law on this subject has undergone many alterations in modern times. It seems to be now agreed that if a grand jury ignore the bill, it is sufficient to maintain the action. But this rule has been still further modified, and it is settled that if a party is brought before an examining magistrate and discharged, though the proceeding might be again renewed, still, in point of law, that prosecution is ended, and the party may maintain the action for malicious prosecution. There is a precedent for a declaration in Chitty's Pleadings, in an action brought under such circumstances. There is no difference in point of principle and practice between a discharge by a committing magistrate and a discharge by a judge who examines the case on habeas corpus. It as effectually puts an end to the prosecution as if the defendant were discharged by a magistrate, although a new charge may be afterwards made." In *Casebeer v. Rice*, 18 Neb. 203, it is said that a prosecution may be considered finally determined if it is disposed of in such a manner that it cannot be revived; and that the prosecutor, if he proceeds further, will be put to a new one.

Therefore, if the dismissal of the proceedings before the police magistrate in this case was a final de-

termination of the prosecution which was brought about by appellant, then it was unnecessary for appellee to have alleged any subsequent events, and his amended declaration as amended stated a complete cause of action not other or different from that stated in his original declaration but lacking several averments which were not only unnecessary but improper in the original declaration.

On the trial the defendant offered to prove that the plaintiff was in default of rent. He also sought to show by the Assistant State's Attorney why the prosecution before the police magistrate was dismissed and to show the proceedings under the indictment. While there was no question about the plaintiff being in default of rent, still this was not an issue in the case and the fact would not tend to prove or disprove any material issue in the case. We are of the opinion that there was no substantial error in the court's refusal to permit the Assistant State's Attorney to tell why the prosecution was dismissed before the police magistrate. It has sometimes been held that where proceedings have been dismissed by the prosecutor, the prosecutor's reason therefor may be shown on the question of malice, but in a case like the one at bar where the facts show the magistrate examined witnesses for both parties and the hearing was practically concluded before the dismissal, we cannot see how any reason which might be given by the State's Attorney would bear even remotely upon the question of malice. However, even if his testimony were clearly admissible, we do not believe the judgment in this case should be reversed on that account. The court's rulings could not have materially prejudiced appellant. This case has been submitted to three different juries, each of which has found the issues in favor of appellee.

It was no error for the court to refuse the offer of appellant to prove the indictment, trial and acquittal

of appellee. We have already held that the dismissal of the case before the police magistrate was a final disposition of the charge sufficient to predicate a suit for malicious prosecution. The offer of evidence included proof that the appearance of the appellant before the grand jury and circuit court was not voluntary but in obedience to subpœnas served upon him and that he did not carry the prosecution beyond the magistrate's court. He contended throughout the trial that he had no part in bringing about the indictment of appellee and his trial thereon but that on the contrary the State's Attorney initiated those proceedings and compelled him to appear in response to subpœnas.

It is further contended that the evidence should have been admitted to negative malice, and to show probable cause. The indictment and trial subsequent to the prosecution before the police magistrate and brought about by other agencies could have no weight in showing whether appellant was actuated by malice; and since the suit resulted favorably to the appellee we do not see how such proceedings would tend to show probable cause.

Other questions relating to the admission and exclusion of evidence are raised, but to discuss them in detail could serve no useful purpose. It is sufficient to say that the trial court did not commit any substantial error in its rulings upon admission or exclusion of evidence.

The appellant contends that the advice of counsel is in this case a full defense. Advice of counsel is a defense in a suit for malicious prosecution only when the defendant makes a full disclosure to his counsel. Whether he did make a full disclosure or not is a question of fact for the jury under proper instructions by the court. In this case the appellant knew whether he gave the wood in question to the appellee. If he did so he failed to advise his counsel of

that fact and he cannot avail himself of that defense. The evidence on the question of whether the appellant gave the wood to the appellee preponderates in favor of the appellee and the finding of the jury upon that point was justified. (*Schattgen v. Holnback*, 149 Ill. 646.)

The appellant criticizes a number of instructions. The court instructed the jury that malice might be inferred from the want of probable cause. The Supreme Court approved this instruction in *Roy v. Goings*, 112 Ill. 656, and has never departed from that holding.

The appellant requested the court to instruct the jury that if they believed from the evidence the defendant communicated to the State's Attorney all the material facts affecting the question of the supposed guilt of the plaintiff which were known to him, he had a right to act upon the advice of the State's Attorney in causing the warrant to be issued. The court modified the instruction by striking out the word "material." If the instruction were to be given at all, this word should not have been stricken out. However, we are of the opinion that the entire instruction is not free from error because it does not advise the jury what are the material facts which were necessary to be disclosed by the appellant if the same were within his knowledge. Complaint is made that another one of the instructions used the words "proper cause." The use of such term is manifestly the result of a typographical error. The term was used instead of "probable cause," which appears frequently in other instructions. This evident mistake in the preparation of the instruction was not likely to mislead the jury in any degree.

The record in this case is free from prejudicial error and we believe that substantial justice has been done. The judgment is therefore affirmed.

*Affirmed.*