(No. 49822.—
JERRY RITCHEY, Appellee, v. GEORGE MAKSIN, Appellant.

*Opinion filed April 3, 1978.—Rehearing denied May 26, 1978.*

William J. Scott, Attorney General, of Springfield (Stephen R. Swofford, Assistant Attorney General, of Chicago), for appellant.

Dennis J. Hogan, of Hogan & Jochums, of Murphysboro, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Jerry Ritchey, d/b/a Olympic Feed Products, brought this action for damages against George Maksin, an employee of the Illinois Department of Agriculture (Department). The alleged damages arose from an earlier action in which defendant filed a criminal complaint against the plaintiff for violations of certain provisions of the Illinois Commercial Feed Act of 1961 (Act) (Ill. Rev. Stat. 1975, ch. 56½, par. 66.1 *et seq.*).

As part of the Department's investigation of alleged adulteration and misbranding of feed products sold by plaintiff, the defendant, who held the title of "Products and Standards Inspector II," collected samples of plaintiff's feed and submitted those samples to a Department

chemist for analysis. As a result of the chemist's findings, a hearing was conducted at which the plaintiff, defendant, and the chemist testified. Based upon the evidence, the hearing officer, a Department bureau chief, entered an order which recommended that plaintiff be charged with violations of the Act. The order referred the matter to the appropriate State's Attorney for prosecution.

Pursuant to the above order, the defendant initiated charges against the plaintiff with the State's Attorney of Jackson County. He signed two verified complaints, and later filed an amended complaint, charging the plaintiff with violations of sections 7(c) and 8(c) of the Act (Ill. Rev. Stat. 1975, ch. 56½, pars. 66.7(c), 66.8(c)). The complaints alleged that the feed distributed by plaintiff was improperly labeled and the nutrient content inferior to that indicated on its label. For reasons not indicated by the record, the prosecution was apparently dismissed.

Thereafter, the plaintiff filed a two-count complaint seeking damages for loss of business and injury to his business reputation as a result of adverse publicity generated by the filing of the criminal complaints. Count I of the complaint alleged that the defendant "negligently [and] publicly accused Plaintiff of being an adulterater [sic] and misbrander of feed products," and that the "Defendant knew or *** should have known" that the chemical analysis conducted on plaintiff's feed samples was false and misleading as to the feed's true protein content. The complaint further alleged that in initiating the criminal charges pursuant to the Department's order, the "Defendant negligently failed to stay within the scope of his ministerial functionary duties as an inspector of feeds" and that the "Defendant in the exercise of ordinary care knew or should have known" that the charges were "without probable cause." The complaint also averred that as a direct and proximate result of the above negligent acts, the plaintiff was required to expend substantial

money and time defending against the charges, and that he suffered a loss of business as a result of adverse public reaction to newspaper accounts of the charges. Count II of the complaint was identical to count I, except that it charged the defendant with having acted willfully and wantonly. Count I asked for compensatory damages; count II requested an additional amount in punitive damages.

The defendant moved to dismiss the complaint on the grounds that (1) he was immune from liability in that he was acting within his official capacity when he filed the complaint, (2) the suit was properly one against the State and should have been brought in the Court of Claims, and (3) the complaint failed to allege facts upon which relief could be granted. Following argument and the submission of memoranda, the trial court ruled that defendant was immune from liability and that the action should have been brought against the State in the Court of Claims. The complaint was dismissed.

The appellate court, in a two-to-one decision, reversed the trial court and held that the action had been properly brought in the circuit court. (49 Ill. App. 3d 974.) The appellate court did not consider whether defendant was immune from liability, and it declined to consider whether the complaint stated a cause of action. We granted defendant leave to appeal.

The defendant here contends that the appellate court erred in reversing the trial court's dismissal of the complaint and relies upon the same grounds as those which he presented to the trial court. Because we find that the complaint does not state a cause of action, we do not reach the defendant's other contentions.

Although pleadings are to be liberally construed and formal or technical allegations are not necessary, a complaint must, nevertheless, contain facts necessary to state a cause of action. (Ill. Rev. Stat. 1975, ch. 110, par. 31; *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 211.) A

complaint fails to state a cause of action when it omits facts, the existence of which are necessary for plaintiff to recover. (*Fanning v. LeMay* (1967), 38 Ill. 2d 209, 212.) Herein, the complaint's mere allegations that the defendant acted negligently or willfully and wantonly, and outside the scope of his authority, do not state a legally recognized cause of action for injury resulting from the wrongful filing of a criminal complaint. When construed in a light most favorable to the plaintiff, the complaint appears to seek relief under one or more of the following theories: malicious prosecution, defamation, or disparagement.

To state a cause of action for what is commonly known as malicious prosecution, the complaint must contain facts which show (1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff. *Freides v. Sani-Mode Manufacturing Co.* (1965), 33 Ill. 2d 291, 295; *Alswang v. Claybon* (1976), 40 Ill. App. 3d 147, 150.

While the complaint alleges that the defendant knew or should have known the charges were without "probable cause basis," it sets forth no facts to support this conclusion. Neither are there facts to indicate that defendant acted maliciously, *i.e.*, that he purposely filed the criminal complaint for some reason other than to bring plaintiff to justice. (*McElroy v. Catholic Press Co.* (1912), 254 Ill. 290, 293.) On the contrary, the complaint specifically alleges that the defendant acted pursuant to the Department's order which recommended that, based on the evidence submitted at the hearing, criminal proceedings should be instituted against the plaintiff for violations of the Act. Accordingly, the complaint does not

state a cause of action for malicious prosecution.

The complaint also alleges that defendant publicly accused the plaintiff of being an adulterator and misbrander of feed products, but does not set forth when or where any such accusations were publicly made. The only act of "publication" alleged against the defendant is his actual filing of the criminal complaints. The allegations leveled against plaintiff by defendant were made in the context of the criminal proceeding. Such statements, if relevant and pertinent to the judicial proceeding, as these obviously were, are privileged and cannot serve as the basis for an action of defamation or disparagement. *Ash v. Zwietusch* (1896), 159 Ill. 455; *Soter v. Christoforacos* (1964), 53 Ill. App. 2d 133, 138-41; Restatement of Torts secs. 587, 638 (1938).

Based on the foregoing, we find that the complaint failed to state a cause of action.

The judgment of the appellate court is therefore reversed, and the judgment of the trial court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*