BILL JOINER, Plaintiff-Appellant, *v.* BENTON COMMUNITY BANK,
Defendant-Appellee.

Fifth District   No. 79-129

Opinion filed September 24, 1979.

JONES, P. J., dissenting.

Elmer Jenkins, of Benton, for appellant.

John E. Jacobsen, of Campbell, Furnall, Moore & Jacobsen, of Mt. Vernon, for appellee.

Mr. JUSTICE KUNCE delivered the opinion of the court:

Plaintiff appeals from a summary judgment entered by the Circuit Court of Franklin County in favor of defendant in an action for malicious prosecution.

Plaintiff is a used-car dealer who obtained financing from defendant bank. The financing was accomplished by plaintiff's executing and delivering to the bank a bill of sale, a trust receipt and a negotiable promissory note. By the bill of sale, plaintiff conveyed certain automobiles to the bank, and by the trust receipt he agreed to hold those automobiles in trust for the bank. The trust receipt recited that plaintiff was to report the sales of the automobiles to the bank on the date of the sale, to keep the proceeds from the sale separate from plaintiff's own funds, and on the day of sale to transmit the proceeds from the sale to the bank. It appears that around September 1975 plaintiff failed to separate these sale proceeds from his own funds and to deliver the sale proceeds immediately to the bank. In fact, he owed the bank for some 12 cars which he had sold.

Subsequently, a Franklin County grand jury returned bills of indictment growing out of these transactions charging plaintiff with violations of the following Illinois statutes:

(a) "Theft. A person commits theft when he knowingly: (a) obtains or exerts unauthorized control over property of the owner." (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a).)

(b) "Theft. A person commits theft when he knowingly: * * * (b) obtains by deception control over property of the owner." (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(a).)

(c) "It is unlawful for a debtor under the terms of a security agreement * * * (b) who has a right of sale or other disposition of the collateral and is to account to the secured party for the proceeds of any sale or other disposition of the collateral, to sell or otherwise dispose of the collateral and wilfully and wrongfully to fail to pay the secured party the amount of said proceeds due under the security agreement." Ill. Rev. Stat. 1977, ch. 26, par. 9—306.01.

The record sheet in each of the criminal cases brought pursuant to the above indictments contained the following docket entry:

"On motion of the special prosecutor, William Meehan previously appointed by the court, and at the request of the complaining witness and in view of the fact that full restitution has been made to the complaining witness and because of the state of ill health of the defendant, Robert Ewing, and for other good cause shown the above case is dismissed upon motion of said special prosecutor."

■■■ The essential elements for a malicious prosecution cause of action are: commencement of legal proceedings by the defendant against the plaintiff; the bona fide termination of the proceedings in favor of the plaintiff; the absence of probable cause for such proceedings; malice on the part of the defendant; and damages resulting to the plaintiff. (*Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 376 N.E.2d 991.) With respect to the "bona fide termination of the proceedings in plaintiff's favor" element we note that it is not essential that there have been a trial and a verdict of acquittal rendered upon the charge preferred against the plaintiff. (*Gilbert v. Emmons* (1866), 42 Ill. 143, 145.) When the prosecution of a criminal action is dismissed at the instance of the prosecuting attorney and the defendant is discharged from custody, such proceeding constitutes a termination of the case, and the defendant may maintain an action for malicious prosecution (*Reell v. Petritz* (1922), 224 Ill. App. 65, 72); however, where termination of the criminal case has been brought about by procurement of the defendant or by a compromise of the parties, there can be no action for malicious prosecution. *Ewe v. Angland* (1945), 325 Ill. App. 677, 689.

The defendant's motion for summary judgment attached plaintiff's discovery deposition and an affidavit by an officer of defendant bank. A counteraffidavit and motion in opposition were filed by plaintiff. The court granted defendant's summary judgment motion "for the sole reason that there is no bona fide termination of criminal actions in favor of the

plaintiff." The portion of plaintiff's deposition which, according to defendant, establishes, as a matter of law, that the criminal proceedings against plaintiff were terminated pursuant to an agreement between plaintiff and the prosecutor:

A. "I can't tell you all the conversations, you know, that I had with them [bank personnel]. I mean, they had me arrested and I went in and talked to them, and still seeing if I couldn't make some kind of arrangement to pay this debt that I owed. And I talked to Mr. Davis and Mr. Wagner and Mr. Newcom at various times.

Q. Were these had after you were indicted or before you were indicted?

A. That was after I was arrested and after I was indicted.

* * *

Q. As to those conversations, can you tell me the substance of any of them?

A. Well, they had me indicted for theft and they had me indicted for fraud, and what I wanted to do was to pay the bank what I owed them, but I wanted these indictments, well, I wanted these charges dropped. That's the essence of the whole thing, I guess.

Q. Do you recall what any of the bankers said when you explained this to them?

A. Yes. They stipulated that a few times. They didn't know what they could do. They also stipulated that they were interested in their money, only in getting their money.

* * *

A. * * * we talked to the prosecuting attorney.

Q. Who was that?

A. Bill Meehan, and we discussed it very thoroughly. We never did go before the judge. We were never arraigned, and if I would pay my money there was an agreement that charges would be dismissed.

* * *

Q. What kind of response did you make to what Meehan told you?

A. I told him I would pay what I owed them if they would drop these charges.

* * *

A. What happened next?

Q. Yes.

A. I paid the bank what I owed them during the next 30 days after that.

Q. And did you advise Mr. Meehan about that?

A. I did. I didn't advise Mr. Meehan. The bank advised Mr. Meehan which I had paid my money to them, that I had paid them in full.

Q. Did you see Mr. Meehan again?

A. I never saw the man again.

Q. Did he dismiss the charges?

A. Somebody did. I have to assume that's who it was."

Plaintiff contends that his deposition, when examined in its entirety, does not prove that there was an agreement or compromise. He claims that his deposition raises inferences concerning the termination of the proceedings upon which fair and reasonable-minded persons might differ. Such would preclude the trial court's entering summary judgment for defendant.

■■■ Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57) directs the entry of a summary judgment when the pleadings, depositions, admissions on file, and affidavits show that there is no genuine issue as to any material fact. If, as a matter of law, any element which plaintiff must prove in his malicious prosecution action is shown by the pleadings, depositions, admissions and affidavits not to exist, we must affirm this summary judgment for defendant. Summary judgments, however, are granted only with great caution; the moving party's right to summary judgment must be free and clear from doubt. Pleadings and affidavits must be construed strictly against the moving party and most liberally in favor of the opponent. *Sielski v. Tioga Homes, Inc.* (1978), 62 Ill. App. 3d 340, 342, 379 N.E.2d 336, 337.

We must agree with plaintiff that his deposition, when examined in its entirety and against the background of the remainder of the record, does raise inferences concerning the termination of the criminal proceedings upon which fair and reasonable-minded persons might differ. Accordingly, we reverse the trial court and remand this cause for trial.

■■■ The answers given by plaintiff in his deposition imply that there was "an agreement" that the criminal charges against him would be dismissed if he made restitution; what is not clear is this—*who were the parties to this agreement*? The record and the deposition show that plaintiff had at all times, *even before the indictment*, intended to pay the bank and that he viewed the bank as his creditor, not as a victim of criminal activity on his part. Plaintiff's deposition hints that there may have existed a course of dealing between plaintiff and defendant whereby defendant had acquiesced in plaintiff's prior deviations from his trust obligations; such a course of dealing would explain why plaintiff viewed these circumstances as he did. There is no showing in the record that the prosecutor had agreed to dismiss the criminal charges upon plaintiff's making restitution.

There is no affidavit by Mr. Meehan nor any other person to that effect. The docket entry in the records of the criminal proceedings makes no reference to a compromise, settlement or agreement. For these reasons we hold that the fact concerning the nature of the termination of the criminal proceedings against plaintiff is still at issue, and the trial court erred in granting defendant's motion for summary judgment.

We are mindful of the import of the summary judgment procedure in our system of judicial process. It eliminates the needless expense and time of trying cases in which there exists no genuine issue of fact. We are also mindful of the rationale for the rule of law that termination of criminal proceedings by procurement or agreement on plaintiff's part bars his action for malicious prosecution. That rationale was well expressed in *Rubel v. Cohn* (1918), 212 Ill. App. 563, 564:

> "By the compromise of such a suit the rightfulness of the charge made the basis of it is acknowledged, the elements of probable cause for the arrest are virtually admitted, and the basis of a suit for malicious prosecution is wanting."

Where, as here, we are shown an "agreement" between unknown parties concerning dismissal of criminal charges provided plaintiff paid defendant; payment by plaintiff of a debt he intended before his indictment to pay; the subsequent dismissal of the criminal suits; *and no more*, we believe our holding squares with *Ewe v. Angland* (1945), 325 Ill. App. 677.

■■ Defendant argues that there was also no issue of fact as to the probable cause element in the malicious prosecution suit. If that be so, we could affirm the summary judgment on that basis. We do not agree with defendant's assessment of the record with respect to this element. The charges required proof of specific intent on the part of plaintiff. Having scrutinized this record, we believe that a fair and reasonable-minded person could believe that defendant bank had knowingly allowed plaintiff to deviate from the specific arrangements in the party's financing plan; that the acts leading to plaintiff's indictment were, in fact, a repetition of this course of dealing; and, accordingly, the state of mind required for conviction was absent. We thus believe there was an issue of fact as to the probable cause element as well.

For these reasons, we reverse the judgment of the Circuit Court of Franklin County and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS, J., concurs.

Mr. PRESIDING JUSTICE JONES, dissenting:

I respectfully dissent.

If plaintiff's statements in his deposition are taken as true, as indeed they must be in this instance, then the dismissal of criminal charges against him were the result of a compromise procured by defendant. Accordingly, there is no issue of fact to try, and summary judgment was properly entered.

The statements of defendant that should foreclose any further consideration of this case are contained in the majority opinion. Set forth in narrative form, the defendant stated:

> "After I was indicted and arrested I went in and talked to them [the bank officials] to see if I couldn't make some kind of arrangement to pay this debt that I owed. I wanted these charges dropped. That's the essence of the whole thing. I discussed it with Bill Meehan [the special prosecutor] and we agreed that if I would pay my money the charges would be dismissed. I then paid the bank in the next 30 days and the charges were dropped."

It would be difficult to envision more direct evidence that the charges were dropped as a result of compromise and that the plaintiff was the moving party. *Ewe v. Angland* sets forth the guiding principles and its rule should be applied here.

The majority gives credence to plaintiff's "Counter Affidavit Opposing Summary Judgment, etc." where none is due. Its substance is that there will be other evidence presented if the cause is tried. No facts are stated that would indicate in any way what those facts might be.

The majority states that there is no indication who the parties were that entered into the pay/dismiss agreement. However, the plaintiff's own statements, capsulized above, refute such statement.

Summary judgment was properly entered, and I would affirm.