**Robert LOGAN, Plaintiff,**

v.

**Michael DREW and John O'Leary, Defendants.**

No. 91 C 3019.

United States District Court, N.D. Illinois, E.D.

March 5, 1992.

Kelly Raymond Welsh, Arlene Esther Martin, John F. McGuire, Melvin L. Brooks, City of Chicago, Law Dept., Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Robert Logan brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Michael Drew and John O'Leary, two Chicago police officers. Presently before the court are (1) Logan's motion in limine to exclude from evidence his July 29, 1986 conviction for the unlawful use of a credit card under Ill.Rev.Stat. ch. 17, ¶ 5921, (2) defendants' motion to strike claims for punitive damages, and (3) defendants' motion in limine to exclude from evidence (a) the "not guilty" jury verdict for the charges of battery and resisting a peace officer brought against Logan by defendant Drew, and (b) certain testimony by the four physicians listed as potential witnesses for Logan.[1] We address each motion in turn.

### I. Admissibility of Logan's Prior Conviction

On July 29, 1986, Logan pled guilty in the Circuit Court of DuPage County to the crime of unlawful use of a credit card, Ill.Rev.Stat. ch. 17, ¶ 5921.[2] Logan received a sentence of twelve months probation, a fine of $200 and costs. Defendants Drew and O'Leary anticipate introducing this prior conviction for the purpose of attacking Logan's credibility.

The admissibility of Logan's misdemeanor conviction is governed by Fed.R.Evid.

Mark W. Solock, Chicago, Ill., for plaintiff.

---

1. Defendants' motion in limine also seeks to exclude from evidence (i) the existence of any civil complaints, other than that of the instant action, to the Office of Professional Standards or the Office of Internal Affairs Division of the Chicago Police Department as they may pertain to either defendant or any of defendants' witnesses, and (ii) that the defendants' attorneys are assistant Corporation Counsel for the City of Chicago. Logan does not object to this portion of defendants' motion, and it is granted.

2. Ill.Rev.Stat. ch. 17, ¶ 5921 provides in pertinent part:

A person who, with the intent to defraud either the issuer, or a person providing money, goods, property, services or anything else of value, or any other person, (i) uses, for the purpose of obtaining money, goods, property, services or anything else of value a credit card or debit card obtained or retained in violation of this Act or without the cardholder's consent, or a credit card or debit card which he knows is counterfeited, or forged, or expired, or revoked, or (ii) obtains or attempts to obtain money, goods, property, services or anything else of value by representing without the consent of the cardholder that he is the holder of a specified card or by representing that he is the holder of a card and such card has not in fact been issued, is guilty of a Class A misdemeanor if the value of all money, goods, property, services and other things of value obtained or sought in violation of this

609(a)(2), which provides: "For the purpose of attacking the credibility of a witness, ... evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." In attempt to differentiate the crime of unlawful use of a credit card from those involving "dishonesty or false statement," Logan analogizes his transgressions to the crime of shoplifting. This analogy, however, is unavailing. The crime for which Logan was convicted explicitly includes as an element the intent to defraud. *See* Ill.Rev.Stat. ch. 17, ¶ 5921 (Supp.1991). Indeed, Logan represented to others that he was the holder of a specified credit card when in fact the card was not issued to him. Accordingly, we will permit defendants to impeach Logan's credibility by means of his prior conviction for the unlawful use of a credit card.

## II. Punitive Damages

■ Defendants Drew and O'Leary argue that Logan is not entitled to an award of punitive damages, as such an award would violate both the ex post facto clause and the due process clause of the United States Constitution. We disagree. First, as Logan poignantly notes, the ex post facto clause, U.S. Const. art. 1, § 9, cl. 3, applies only to "penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood*, 497 U.S. 37, 110 S.Ct. 2715, 2718, 111 L.Ed.2d 30 (1990). There can be no doubt that 42 U.S.C. § 1983, a statute intended to create "a species of tort liability," *Smith v. Wade*, 461 U.S. 30, 34, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983), is not a criminal statute and does not implicate the ex post facto clause. Moreover, the due process clause does not pose a per se prohibition against punitive damages in § 1983 cases. The Supreme Court has reiterated on numerous occasions that "punitive damages are available in a 'proper' § 1983 action." *See Smith*, 461 U.S. at 35, 103 S.Ct. at 1629; *Carlson v. Green*, 446 U.S. 14, 22, 100 S.Ct. 1468, 1473, 64 L.Ed.2d 15 (1980); *Carey v. Piphus*, 435 U.S. 247, 257 n. 11, 98 S.Ct. 1042, 1049 n. 11, 55 L.Ed.2d 252 (1978). Indeed,

a jury may consider the appropriateness of punitive damages in any case involving a "reckless or callous disregard for plaintiff's rights, as well as intentional violations of federal law." *Smith*, 461 U.S. at 51, 103 S.Ct. at 1637. Consequently, we deny defendants' motion to strike claims for punitive damages.

## III. Admissibility of the "Not Guilty" Jury Verdict

■ In Count V of his amended complaint, Logan alleges that Drew's actions "in instituting false and malicious charges against Logan without just and legal cause constitute the tort of malicious prosecution under the common law of the State of Illinois." Amended Complaint ¶ 37, at 8. Those charges, two counts of battery and one count of resisting a peace officer, were resolved on September 5, 1991, at which time a jury found Logan not guilty on all counts. Defendants now seek to exclude the jury verdict on the grounds that the information is irrelevant.

It is settled law that to establish a cause of action for malicious prosecution, a plaintiff must show: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and damages resulting to the plaintiff." *Joiner v. Benton Community Bank*, 82 Ill.2d 40, 45, 44 Ill.Dec. 260, 263, 411 N.E.2d 229, 232 (1980) (citing *Ritchey v. Maksin*, 71 Ill.2d 470, 475, 17 Ill.Dec. 662, 664, 376 N.E.2d 991, 993 (1978)). Defendants, however, contend that the above elements are inapplicable when the claim is against a public employee. Rather, they point to the Illinois Tort Immunity Act, Ill.Rev.Stat. ch. 85, ¶ 2–208, which provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause." Clearly, this statute provides certain immunities and defenses for local public entities and public employees. However, defendants argument that Logan's

Section does not exceed $300 in any 6–month period....

cause of action arises from, and is found in, the Tort Immunity Act itself was addressed and rejected in *Hannon v. Counihan*, 54 Ill.App.3d 509, 512, 12 Ill.Dec. 210, 212, 369 N.E.2d 917, 919 (2d Dist.1977). *See also Porter v. City of Urbana*, 88 Ill.App.3d 443, 445, 43 Ill.Dec. 610, 612, 410 N.E.2d 610, 612 (4th Dist.1980) ("The Tort Immunity Act is not a catalog of duties or a source of rights; it does not create new liabilities where none already exist"). As such, we must look to the common-law elements of the tort of malicious prosecution to determine whether Logan can maintain a cause of action. Given the above elements necessary to sustain a malicious prosecution claim, it is axiomatic that the jury verdict in question is relevant. Accordingly, we deny defendants' motion in limine to exclude evidence of the September 5, 1991 jury verdict.[3]

### IV. Testimony by Logan's Physicians

Logan has listed four physicians as potential witnesses. In response, defendants seek to preclude any testimony from these physicians offered as expert opinion testimony. Further, defendants argue that to allow each of these four witnesses to testify as to the damage to Logan's eye would be cumulative and prejudicial.

Logan has agreed not to offer any of the testimony of these four physicians as expert opinion testimony. Accordingly, defendants' motion in limine to bar any testimony offered by these physicians as expert witnesses is granted. Respecting the potential testimony as to the damage to plaintiff's eye, Logan has stated that he does not intend to call one of the four physicians and that the others are not all eye doctors and did not treat him for eye injuries. As such, this court presently is not in a position to determine if the evidence offered by these physicians will in fact be cumulative, and we will reserve ruling on this issue. However, we caution both Logan and defendants, cumulative evidence is unacceptable in this court and will not be tolerated.

### V. Conclusion

For the reasons stated above, we deny: (1) Logan's motion in limine to exclude from evidence his July 29, 1986 conviction for the unlawful use of a credit card, (2) defendants' motion to strike claims for punitive damages, and (3) defendants' motion in limine concerning the September 5, 1991 jury verdict. Defendants' motion in limine is granted as to evidence (i) of any civilian complaint other than that of the instant case, (ii) that defendants' attorneys are Assistant Corporation Counsels for the City of Chicago, and (iii) by any of Logan's physicians offered as expert opinion testimony. We reserve ruling on the issue of whether to exclude any testimony of Logan's physicians on the grounds that it may be cumulative. It is so ordered.

---

**3.** In the alternative, defendants request that this court bar any evidence listed on the "certified half-sheet" in the case in question, other than the "not guilty" verdict. Specifically, defendants claim that such extraneous information would be irrelevant and may contain hearsay. Defendants, however, have failed to produce this document, rendering a ruling as to its contents inappropriate.