NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2013[*]
Decided October 30, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1623

YOON J. KIM,
    *Plaintiff-Appellee,*

    *v.*

RUSSELL C. HOSENEY
    *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division.

No. 12 C 9108

Charles P. Kocoras,
*Judge*.

**ORDER**

Yoon J. Kim appeals from the dismissal of her lawsuit for failure to state a claim. Kim holds two patents for compounds that aid bread-making. After losing three patent-infringement suits, she sued Russell C. Hoseney, who testified in two of these suits that her patents were invalid. Kim's complaint—removed from state to federal court on the basis of diversity jurisdiction—alleges that Hoseney committed fraud and perjury when

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

testifying in those cases. Kim also complains that attorneys who represented the plaintiffs in those two suits breached their professional ethics. Because Hoseney enjoys witness immunity and Kim did not name or seek leave to identify any attorneys who could be sued, we affirm the district court's judgment.

Kim alleges that Hoseney committed scientific fraud when he conducted baking tests and then improperly relied on them to testify about which oxidizing compounds could be used in bread making. She further alleges that Hoseney perjured himself when he contradicted his own sworn statements about the molecular compounds that strengthen bread dough. She concludes that as a result of his testimony, she lost her two patent-infringement lawsuits. In moving to dismiss under Federal Rule of Civil Procedure 12(b)(6), Hoseney argued that his expert testimony was absolutely privileged under Illinois law. He also argued that the district court should dismiss Kim's claims against the plaintiffs' attorneys because Kim did not name them—Kim named only Hoseney in her complaint. *See* FED. R. CIV. P. 10(a). The district court agreed with Hoseney and dismissed the suit.

On appeal, Kim first reiterates that Hoseney should be liable for his allegedly unprofessional and perjurious statements. She also argues that he be sanctioned under the "American Association of University Professors' Statement on Professional Ethics." But Illinois does not impose tort liability for harmful court testimony. Illinois recognizes an absolute privilege for statements, no matter how reckless or dishonest, made by expert or lay witnesses in testimony or pleadings in judicial proceedings, so long as the statements are relevant to the litigation. *See MacGregor v. Rutberg*, 478 F.3d 790, 791–92 (7th Cir. 2007); *Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994); *Ritchey v. Maksin*, 376 N.E.2d 991, 993 (Ill. 1978). This rule is generally consistent with federal law on the point, *see Briscoe v. LaHue*, 460 U.S. 325 (1983), so we need not worry about the supremacy clause and other federalism issues posed by seeking relief under state law for a witness's conduct in a federal court.

Kim does not contest that Hoseney's statements were relevant to the two suits—she contests only their truth. Thus, these statements are privileged. Furthermore, to the extent that Kim attempts to impose liability for Hoseney's alleged violations of professional conduct standards, Illinois provides no civil tort for that conduct. *See Scheib*, 22 F.3d at 156 (noting that Illinois has no "professional responsibility tort"); *Nagy v. Beckley*, 578 N.E.2d 1134, 1138 (Ill. App. Ct. 1991) (observing that Illinois provides no independent tort for legal ethics violations).

Kim next maintains that opposing counsel in her patent-infringement suits violated Illinois Rules of Professional Conduct by knowingly falsifying Hoseney's written declarations. Kim does not address the district court's ruling that she failed to identify the attorneys she wished to sue. Because Kim failed to identify the attorneys and never sought leave to amend to include their names, the district court properly dismissed her case. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005). In any case, as we have already observed, any alleged breach of professional ethics is not itself a basis for civil tort remedy. *E.g., Schieb*, 22 F.3d at 156. Because an amendment therefore would have been futile, dismissal was proper.

We have considered Kim's remaining arguments, but none warrant further discussion.

Accordingly, we AFFIRM the judgment of the district court.